SAUNDERS, APPELLANT, *v.* THE WINTERS NATIONAL BANK & TRUST CO. OF DAYTON, EXR., APPELLEE.

(No. 2744—Decided June 24, 1963.)

*Messrs. Baggott & Johnston*, for appellant.
*Messrs. Altick & McDaniels*, for appellee.

KERNS, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County sustaining the defendant's motion for a summary judgment.

The plaintiff's petition, which was filed on March 19, 1962, is brief and reads as follows:

"The plaintiff says that the defendant is the duly appointed, qualified and acting executor of the estate of Walton M. Riffe;

that on January 10, 1962, your plaintiff filed a proof of claim with defendant claiming the sum of $20,000 as hereinafter set forth; that on January 19, 1962, the defendant delivered to counsel for plaintiff, by registered mail, a rejection of said claim.

"Plaintiff says there is due and owing to her from the defendant the sum of $20,000 upon a certain check dated December 15, 1961, drawn by the decedent in favor of this plaintiff, a copy of which is hereto attached, made a part hereof and marked exhibit A.

"The plaintiff says that by reason thereof, there is due and owing to this plaintiff from the defendant the sum of $20,000, which she claims."

The defendant's answer, which was filed on April 21, 1962, is also brief and reads as follows:

"Now comes defendant and for answer to plaintiff's petition admits that it is the duly appointed, qualified and acting executor of the estate of Walton M. Riffe; that on January 10, 1962, plaintiff filed a proof of claim with defendant claiming the sum of twenty thousand ($20,000) dollars; and that on January 19, 1962, defendant delivered to counsel for plaintiff by registered mail a rejection of said claim.

"Defendant denies each and every other allegation in said petition contained except such as are herein specifically admitted to be true."

The motion for summary judgment was filed on August 3, 1962. In support of the motion, the defendant filed a deposition of the plaintiff, Jean Saunders, taken as upon cross-examination on July 10, 1962. It appears from the deposition that the plaintiff and the defendant's decedent were friends for many years prior to his decease on December 15, 1961. The check which is referred to in the petition was given to plaintiff shortly after noon on December 14, 1961. According to plaintiff's testimony, the decedent said that the check was "for all the things you have done for me."

In addition to the deposition, the defendant also presented an affidavit in support of the motion for summary judgment, which discloses that the balance in the decedent's checking account on December 15, 1961, was $11,969.43.

Another affidavit, submitted by the plaintiff, provides as follows:

"Jean Saunders, being first duly cautioned and sworn, says that she performed various services of value to Walter M. Riffe during his life, including office work in his greenhouse business, painting and decorating the premises; that she cleaned his apartment, washed clothing and performed innumerable other services of value to him for which she expected compensation, all of which formed the valuable consideration for the check written to her by Walter M. Riffe in his lifetime."

Upon the pleadings, deposition and affidavits thus filed, the trial court granted the defendant's motion for summary judgment. In deciding the case, the trial court, of its own volition, treated the action as one upon an implied contract for the reasonable value of services rendered and concluded from the deposition of the plaintiff, taken as upon cross-examination, that there was insufficient evidence to support such a contract.

In the present appeal, the plaintiff contends that the trial court "erred in considering the action to be one upon an implied promise in quantum meruit."

Unless we completely ignore the pleadings filed in this case, which are set forth herein in their entirety, we must agree with the plaintiff's contention. Neither the petition nor the answer even suggests an action based upon quantum meruit. Although the trial court has broad powers of amendment to conform the pleadings or proceeding to the facts proved, it may not completely change the claim or defense of the parties. Section 2309.58, Revised Code. In our opinion, the trial court was without authority to change the plaintiff's cause of action from one upon a negotiable instrument to one upon an implied promise. But more critical, in our analysis of the record, is the fact that the defendant, by virtue of the amendment, was afforded the benefit of a defense which was not available to it under the pleadings. Want of consideration is an affirmative defense. *Ohio Loan & Discount Co.* v. *Tyarks,* 173 Ohio St., 564. It should have been specifically pleaded in the answer. 43 Ohio Jurisprudence (2d), 150, Section 137. If this case proceeded upon the petition which was filed by the plaintiff, the burden of proving want of consideration would have been upon the defendant.

But in changing the plaintiff's cause of action from one upon a negotiable instrument to one upon an implied contract, the burden of proof upon the question of consideration was shifted from the defendant to the plaintiff. Instead of proceeding upon the pleadings, in which case the defendant would have been required to prove want of consideration, the trial court proceeded in contract, which required the plaintiff to prove consideration. In our opinion, the plaintiff had the right to proceed upon the cause of action set forth in her petition, and the denial of that right constituted prejudicial error.

Furthermore, we cannot say, upon the meager record now before us, that there is no genuine issue of fact in the present case. The check carries with it a presumption which at least suggests an issue of fact when it is challenged for want of consideration. The plaintiff's affidavit likewise suggests an issue of fact. And the plaintiff's deposition is not completely devoid of evidence raising a factual issue. In deciding a motion for summary judgment, the duty of the court is to determine not what the facts are but whether such an issue of fact exists, and all doubts as to the existence of such an issue must be resolved against the party moving for a summary judgment. *Bowlds* v. *Smith*, 114 Ohio App., 21.

We recognize the difficulties which the plaintiff will undoubtedly encounter in the pursuit of her cause of action. But, regardless of what the evidence may ultimately show, we may not conclude the matter at this stage of the proceeding. The plaintiff was entitled to proceed in the traditional manner, and the motion for summary judgment should have been overruled.

The judgment is, therefore, reversed and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

SHERER and CRAWFORD, JJ., concur.