Stemen, Appellant, *v.* Shibley et al., Appellees.

(No. L-82-166—Decided October 22, 1982.)

*Mr. R. Martin Galvin,* for appellant.
*Ms. Cecelia Martaus,* for appellees.

Douglas, J. This case is before the court on appeal from summary judgment entered for the appellees, Joseph D. Shibley and Pete Morris, by the Lucas County Court of Common Pleas on May 5, 1982, which was amended on May 20, 1982. From that judgment, appellant filed his timely notice of appeal.

The history of this litigation is long and involved, this being the second time that this case is before this court. On December 12, 1979, the appellant, Victor J. Stemen, filed his complaint, naming Joseph D. Shibley, Pete Morris, George N. Kiroff,[1] John S. Morris, and Fatima Morris as defendants in said action.

The appellant, in his complaint, alleged the improper appointment of a receiver by Judge George Kiroff and that said receivership illegally operated a business utilizing a liquor permit which had been issued to the appellant and defendant, Fatima Morris. Further, the complaint alleged that said receivership failed to file and/or pay sales taxes while operating the business. Finally, the complaint averred that the appointment of the receiver, the operation of said business, and the conversion of the appellant's assets were all part of a civil conspiracy which damaged the appellant.

On February 11, 1980, defendant George N. Kiroff filed a motion to dismiss the cause of action against him. The ap-

---

[1] We note that subsequent to the filing of this action, the appropriate party was substituted for the Honorable George N. Kiroff, deceased.

pellees, Joseph D. Shibley and Pete Morris, filed motions for summary judgment, together with certain exhibits and affidavits, on February 22, 1980. Appellant Stemen at no time submitted evidence contrary to appellees' motions for summary judgment.

The trial court, on July 9, 1980, entered the following judgment:

"Upon due consideration, the Court finds the motion by counsel for defendant, George N. Kiroff, to dismiss well taken; it is therefore granted. Moreover, the evidence shows that there exists no genuine issue of material fact, and that the defendants Joseph Shibley and Pete Morris are entitled to judgment as a matter of law. Construing the evidence most strongly in favor of the plaintiff, reasonable minds can come to but one conclusion, that being adverse to the plaintiff. The motions for summary judgment filed by defendants Shibley and Pete Morris are therefore granted. * * *"

Said entry was amended, *nunc pro tunc,* on July 22, 1980, to include the language "as to this journal entry, there is no just cause for delay." From that judgment, appellant sought review by this court, stating eight assignments of error. See *Stemen* v. *Shibley* (June 19, 1981), Lucas App. No. L-80-244, unreported. In our disposition of that case, this court found Assignment of Error No. 6 to be well-taken. This assignment of error was stated as follows:

"6. The trial court committed prejudicial and reversible error by granting the motions for summary judgment in favor of the defendants-appellees, because there is a genuine issue of material facts [*sic*] that there was in fact a conspiracy between all of the defendants-appellees to gain the benefits and title of the plaintiff-appellant's assets through the unlawful method of operating a receivership in the plaintiff-appellant's name, and incurring tax liabilities in the plaintiff-appellant's name, and by obtaining licenses in the plaintiff-appellant's name, for personal gain of the defendants-appellees." See *Stemen* v. *Shibley, supra.*

In so holding, we determined that upon the evidence which was before the trial court, the question of "whether the receiver's actions conformed with the court's order to operate a business or whether the receiver unlawfully reorganized the business" was a "question of fact for the trial court to review." This court also determined that a question existed as to the propriety of appellee's (Pete Morris') claiming a benefit of a release to which he was not a party. Further, we agreed that the trial court did not err in dismissing George N. Kiroff as a party to the lawsuit, as "judicial immunity creates a defense to any liability for damages allegedly caused due to acts committed in a judicial capacity." *Stemen* v. *Shibley, supra.* Accordingly, we remanded the case to the Lucas County Court of Common Pleas for further proceedings consistent with our decision.

On September 23, 1981, appellees Shibley and Pete Morris again filed a motion for summary judgment, together with additional exhibits and affidavits. Appellant again failed to submit evidence contrary to appellees' summary judgment motion; however, on March 18, 1982, appellant did file a memorandum in opposition to appellees' second motion for summary judgment. On May 5, 1982, the trial court filed an opinion and judgment entry in which summary judgment was again entered for the appellees. The judgment entry was amended, *nunc pro tunc,* on May 20, 1982, to include the language, "[t]he court expressly determines that there is no just reason for delay." The appeal herein is taken from that judgment.

Appellant, in his brief, sets forth four assignments of error, the first of which, if determined to be meritorious, would be dispositive of this appeal. Thus, our attention is initially focused on appellant's first assignment of error:

"1. The trial court committed prejudicial and reversible error in entertain-

ing and granting the second motion for summary judgment in contradiction of the determination of this court in C.A. L-80-244, in which case this court determined that there is a genuine issue of material facts [*sic*] which should be tried in the lower court."

At the outset, we note that appellant, in his first assignment of error, has misstated the holding of this court in the previous appeal. In our examination of our previous decision, we do not make any determination that certain issues "should be tried in the lower court." Although we did determine that genuine issues of material fact existed, our remand to the trial court was for "further proceedings consistent with this decision." Therefore, by not setting the case for trial, the lower court did not expressly disregard the mandate of this court. Thus, upon our remand to the trial court, the issue becomes whether the entertaining and granting of appellees' motion for summary judgment is not, *per se*, a further proceeding consistent with our decision.

Appellant argues that, in the first appeal, when this court determined that genuine issues of material fact existed, and remanded accordingly, our decision was tantamount to a mandate which stated that these issues must be tried. We disagree.

In support of his argument, appellant asserts that the action of the trial court violated the doctrine of "the law of the case." Appellant provides us with the following statement of the doctrine of the law of the case:

"* * * after a definite determination a reviewing court has reversed and remanded a cause for further action in the trial court and the unsuccessful party does not prosecute review therefrom to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in the case. A trial judge is without authority to resolve the law at

variance with the mandate of the Court of Appeals upon a former appeal of the case." 5 Ohio Jurisprudence 3d (1978) 428-429, Appellate Review, Section 718.

Initially, we note that the doctrine of the "law of the case" has been recognized in Ohio as a rule of practice rather than a rule of substantive law. See *Gohman* v. *St. Bernard* (1924), 111 Ohio St. 726, overruled on other grounds, see discussion, *infra; Stowell* v. *Ohio Fuel Gas Co.* (App. 1933), 13 Ohio Law Abs. 620, 625. We further note that there have been very few decisions which address this doctrine since the middle of the Twentieth Century. See 5 Ohio Jurisprudence 3d (1978) 308, Appellate Review, Section 648. The rule was created because of the necessity of a trial court to obey the mandate of an appellate court upon a retrial of a case. *Gohman* v. *St. Bernard, supra,* at 731. Perhaps the most recent Supreme Court recognition and approval of the rule is found in *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29 [13 O.O.3d 17], where the court stated at page 32:

"The doctrine of law of the case is necessary, not only for consistency of result and the termination of litigation, but also to preserve the structure of the judiciary as set forth in the Constitution of Ohio. Article IV of the Ohio Constitution designates a system of 'superior' and 'inferior' courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals."

We recognize, therefore, that the law of the case remains a viable rule of practice in Ohio and is entitled to full efficacy. But, see, *Miller* v. *Warren Transp. Co.* (App. 1963), 93 Ohio Law Abs. 213 [29 O.O.2d 150], wherein it is stated that Ohio has rejected the doctrine of the law of the case. Thus, our inquiry must focus on whether the law of the case precluded the trial court from entertaining and granting appellees' second motion for summary judgment subsequent to this court's

determination in the first appeal that genuine issues of material fact existed.

Appellant, in support of his proposition that the law of the case precludes the trial court from such action, directs us to paragraphs one and two of the syllabus in *Gohman* v. *St. Bernard, supra.* Although we agree that this case provides a well-written history of the doctrine, along with a comparison of the doctrine's application in other jurisdictions, we cannot overlook the fact that paragraphs one and two of the court's syllabus in *Gohman, supra,* have been expressly overruled in *New York Life Ins. Co.* v. *Hosbrook* (1935), 130 Ohio St. 101, 106 [3 O.O. 138], at least to the extent that the Supreme Court is not bound by the doctrine of the law of the case to follow an erroneous decision by the court of appeals. See *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 162 [1 O.O.3d 90]. Notwithstanding, we believe that appellant's contention merits discussion.

Neither counsel has directed us to a case directly on point, nor has our independent research been able to reveal an Ohio case which squarely addresses the issue as stated above. We begin our analysis by acknowledging that, when a retrial of a case is concerned, the doctrine of the law of the case:

"* * * may be invoked and applied only when the facts and issues upon a second trial are substantially the same as those on which the first decision rested; *it does not apply* to cases in which the facts and issues presented on the second review are substantially different from those before the court on the previous review, *or where the * * * evidence was not identical in both the first and second trials, notwithstanding that the successive trials were had on the very same issues.*" (Emphasis added.) 5 Ohio Jurisprudence 3d (1978) 314-315, Appellate Review, Section 652.

A thorough understanding of the above legal principle can be gained by reviewing the cases in which it was developed. In *Firemen's Ins. Co.* v. *Stern* (1901), 11 Ohio C.D. 818, the court held that if the evidence on retrial was unchanged, then its (the circuit court's) ruling on the first review would be the law of the case in a subsequent review. In so holding, the case acknowledged supporting language from decisions in other jurisdictions:

"* * * if the cause be remanded for a new trial, the parties have the right to introduce new this [*sic*] evidence and establish a new state of facts; and when this is done, said decision ceases to be the law of the case, and the court, in the trial of such case, is not conclusively bound by such decision, but should apply the law applicable to the new and changed state of facts; * * *" *Stern, supra,* at 820.

"When a cause is reversed by this court * * * and * * * is again brought up for review, we shall adhere to the former holding, unless there is a substantial difference in the evidence introduced upon the two trials." *Stern, supra,* at 820.

Further, it since has been held in Ohio that the law of the case did not apply in successive trials where the evidence was not identical (see *Stowell* v. *Ohio Fuel Gas Co., supra,* at 625, and *Quartors* v. *Lamping* [Super. Ct. 1924], 3 Ohio Law Abs. 125) or where the facts and issues in the second trial are not "substantially the same" as those in the first trial. *Thomas* v. *Viering* (App. 1934), 18 Ohio Law Abs. 343. We also recognize that it is well-settled in the federal courts that a trial court may grant a second motion for summary judgment after it had denied a previous motion if the second summary judgment motion was based on an expanded record. *Brownfield* v. *Landon* (C.A.D.C. 1962), 307 F. 2d 389, 393, certiorari denied (1962), 371 U.S. 924.

We are also persuaded, as was the court below, by the reasoning of the Georgia appellate court in *Christian* v. *Allstate Ins. Co.* (Ga. App. 1979), 262 S.E. 2d 621, as set forth below. In a declaratory judgment action brought by

the plaintiff, Allstate Insurance Co., to determine the extent of its coverage on an automobile liability policy which it had issued to the defendant, Christian Brokerage Co., the trial court granted summary judgment for the defendant. On its first review, the appellate court reasoned that the policy did not provide liability coverage to the defendant in this particular accident. *Allstate Ins. Co. v. Christian Brokerage Co.* (Ga. App. 1977), 235 S.E. 2d 566. Further, the appellate court held that the doctrines of waiver and estoppel concerning the conduct of insurer-Allstate's agent could not be used to create coverage where no coverage existed under the terms of the policy. *Allstate Ins. Co. v. Christian Brokerage Co., supra,* at 568. Accordingly, the appellate court reversed the summary judgment which the trial court had entered for the defendant, Christian Brokerage Company. *Allstate Ins. Co. v. Christian Brokerage Co. Id.* The Georgia Supreme Court reversed the decision of the appellate court regarding the issues of waiver and estoppel, and remanded the case to the appellate court so that court could rule on questions which it had not previously considered. *Christian v. Allstate Ins. Co.* (Ga. 1977), 239 S.E. 2d 328, 330.

In consideration of these questions, the appellate court, in its second review, again determined that notwithstanding the Georgia Supreme Court's ruling on the issue of waiver and estoppel, the summary judgment granted for the defendant by the trial court was nevertheless improper, as some of the evidence which defendants had presented in support of their motion for summary judgment was inadmissible. *Allstate Ins. Co. v. Christian Brokerage Co.* (Ga. App. 1978), 243 S.E. 2d 281, 283. Upon remand to the trial court, the plaintiff, Allstate Ins. Co., then moved for and was granted summary judgment based on the appellate court's previous decision. From that judgment, defendant appealed.

Upon a third review by the appellate court, it noted that the case then before the court was distinguishable from the previous case, because the present case was to be decided on the basis of an expanded record. *Christian v. Allstate Ins. Co.* (Ga. App. 1979), 262 S.E. 2d 621, 623. Based on that expanded record, the appellate court determined that the evidence which it had previously ruled to be inadmissible was now admissible, and therefore, the trial court erred in granting summary judgment for the plaintiff-appellee, Allstate Ins. Co. Accordingly, the appellate court reversed the trial court's judgment. In concluding, the appellate court stated at page 624:

"Finally, we note that appellants are not precluded by our prior disposition of this case from renewing their motion for summary judgment on the basis of an expanded record. * * * [A] party against whom a claim is asserted may move at any time for summary judgment and it shall be granted if under the expanded record, including the pleadings, the moving party is entitled to a judgment as a matter of law." See, also, *State* v. *O'Neal* (Ga. App. 1980), 273 S.E. 2d 631, 636.

Lastly, Civ. R. 56(B), like the federal and the Georgia rule, permits a party against whom a claim is asserted to move for summary judgment at "any time." Therefore, based on the above discussion, we hold that upon remand, the doctrine of the law of the case does not foreclose a party from filing, nor a court from considering, a new motion for summary judgment based upon an expanded record, where a trial court had previously granted that party's motion for summary judgment which was subsequently reversed on appellate review.

Thus, we determine that the trial court's entertaining and granting a second motion for summary judgment based upon an expanded record is not, *per se,* prejudicial and reversible error. Therefore, on the basis of the foregoing discus-

sion, we find appellant's first assignment of error to be not well-taken.

Appellant's remaining assignments of error are stated as follows:

"2. The trial court committed prejudicial and reversible error by granting the second motion for summary judgment in favor of the defendants-appellees for the reason that there is a genuine issue of material fact as to whether the defendants-appellees operated an unlawful receivership to obtain ownership of the Ohio liquor permit owned by the plaintiff-appellant in contravention of Ohio law.

"3. The trial court committed prejudicial and reversible error in granting the second motion for summary judgment in favor of the defendants-appellees because there is a genuine issue of material fact as to whether the defendants-appellees operated a business in the name of the plaintiff-appellant under color of a receivership using the plaintiff-appellant's vendor's license number and incurring tax liabilities, and judgments and liens for sales taxes which were entered against the plaintiff-appellant, for which the plaintiff-appellant is entitled to damages.

"4. The trial court committed prejudicial error in granting a summary judgment in favor of the defendants-appellees for the reason that there is a genuine issue of material fact as to whether the defendant-appellee, Shibley, in fact failed to give consideration for the so-called mutual release, and/or breached the contract of release."

On a summary judgment motion, the moving party has the burden of establishing the lack of a genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]. When a summary judgment motion is made and supported as provided in Civ. R. 56(E):

"* * * [A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response * * *

must set forth specific facts showing that there is a genuine issue for trial." *Harless, supra,* at 65; *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 249 [7 O.O.3d 403]; *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88, 95 [10 O.O.3d 119].

The non-moving party's duty to respond, however, does not arise until after the moving party has established prima facie that it is entitled to summary judgment. *Rainey* v. *Harshbarger* (1963), 7 Ohio App. 2d 260, 265 [36 O.O.2d 374]. Even if the non-moving party does not submit evidence opposing that which the moving party has submitted, Civ. R. 56(E) states that the court shall grant summary judgment only "if appropriate." *Mason* v. *Roberts* (1971), 35 Ohio App. 2d 29, 40 [64 O.O.2d 165], affirmed (1973), 33 Ohio St. 2d 29 [62 O.O.2d 346]. *Andersen* v. *Schulman* (N.D. Ill. 1971), 337 F. Supp. 177, 181-182. See *Rainey* v. *Harshbarger, supra,* at 261. See, also, Wright & Miller, Federal Practice and Procedure: Civil 2d (1983) 511 *et seq.,* Section 2739.

The language of Civ. R. 56(C) requires that summary judgment shall not be entered:

"* * * [U]nless it appears from such evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence * * * construed most strongly in his favor."

Although the non-moving party is entitled to this favorable construction of the evidence, where the appellant has not produced countering affidavits, appellees' affidavits are accepted as true. *Adickes* v. *S. H. Kress & Co.* (1970), 398 U.S. 144, 161; *Jones* v. *Halekulani Hotel, Inc.* (C.A. 9, 1977), 557 F. 2d 1308, 1310. After viewing the evidence in this light, if reasonable minds can come to differing conclusions, summary judgment should not be granted. *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433 [21

O.O.3d 267]. See *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150 [66 O.O.2d 311].

With the above guidelines set forth, we now consider Assignments of Error Nos. 2 and 3 together since they both address the appellees' operation of the receivership. We note initially that the appellant has not filed any exhibits, affidavits, or evidence of any kind to counter those which appellees have filed in support of their motion. Although the appellant has filed a memorandum in opposition to the appellees' summary judgment motion, it is clear that memoranda of law are not properly considered evidence under Civ. R. 56(C). *Hickman* v. *Ford Motor Co.* (1977), 52 Ohio App. 2d 327, 330 [6 O.O.3d 365].

Appellant, under his second assignment of error, raises issues as to the propriety of the operation of the receivership. However, by not submitting any affidavits or exhibits contrary to those submitted by the appellees, these issues were never raised in the trial court. See *Harless, supra,* at 65. It is not the duty of a court to determine what the facts are, but whether a genuine issue of material fact exists. *Saunders* v. *Winters Natl. Bank* (1963), 120 Ohio App. 125, 128 [28 O.O.2d 328]; *Bowlds* v. *Smith* (1961), 114 Ohio App. 21, 29 [18 O.O.2d 305]. Based on the affidavits and exhibits submitted by the appellees, no genuine issue of material fact exists. The appellant may not raise issues on appeal which he could have raised in the trial court if he had submitted evidence contrary to that submitted by appellees. Not having done so, he may not at this time raise those issues. Therefore, accepting appellees' affidavits as true and construing the evidence most strongly in favor of the appellant, we, as did the trial court, find that no genuine issue of material fact is evident from the record before us. Therefore, appellant's Assignments of Error Nos. 2 and 3 are not well-taken.

Finally, in his fourth assignment of error, appellant contends that appellee Shibley failed to give consideration for the mutual release, thereby making it null and void. Appellant further contends that if the release is valid, appellee Shibley breached its terms.

Initially, we determine that based on the record before us, there is no evidence from which we could deduce that the release is void for failure of consideration. The appellees submitted the release into evidence and the appellant did not refute its validity by contra evidence. Thus, finding that the release was enforceable is entirely proper. Appellant also contends that appellee Shibley breached the terms of the mutual release. However, no affidavits or exhibits were submitted to substantiate this contention. Further, the appellant states that the trial court's interpretation of the release is ridiculous. We disagree. The trial court held that the language contained in the release was:

"* * * reasonably and fairly susceptible to but a single meaning — that the parties released each other from *all* claims or causes of action."

Having no evidence before it other than the release itself, the trial court ruled correctly. If the appellant wished to put the release in issue, he could have done so by submitting contra evidence. Before the trial court was what appeared to be a mutual release, and the trial court merely recognized it for what it was claimed to be, not having any evidence to the contrary.

The appellant's concluding argument is that appellee Pete Morris cannot claim the benefit of a mutual release to which he was not a party. We note that precisely this issue was raised by us in our previous decision in this case. However, we agree with the trial court that, based upon the expanded record now before us, this issue is moot since the evidence supports a finding of no liability on the part of the receiver, Pete Morris, independent of the release. Therefore, we find appellant's

fourth assignment of error to be not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed.

This cause is remanded to said court for execution of judgment and for costs. Costs to appellant.

*Judgment affirmed.*

CONNORS, P.J., and BARBER, J., concur.