YEE, Appellant,

v.

ZAPPONE et al., Appellees.

[Cite as *Yee v. Zappone* (1989), 65 Ohio App.3d 696.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56337.

Decided Dec. 18, 1989.

*Ralph C. Buss,* for appellant.

*Mark A. Stanton* and *Theodore A. Gullia, Jr.,* for appellees.

FRANCIS E. SWEENEY, Judge.

Plaintiff-appellant Steven Yee ("Yee") appeals from the trial court's granting of summary judgment in favor of defendant-appellees John Zappone et al. ("Zappone"). For the reasons adduced below, we affirm the trial court's ruling.

The record reveals that on March 25, 1986, Yee and a female companion entered the premises of Mr. Z's Restaurant, which is owned and operated by Zappone, for the purpose of partaking of beverages and victuals served therein. As part of his attire, Yee was wearing his leather motorcycle jacket, which bore the insignia, emblem and patches of the Hell's Angels Motorcycle

Club. At all times relevant, the restaurant had signs posted notifying the public that "proper attire" was required of all patrons.

After being seated, an employee of the restaurant informed Yee that he had to remove his motorcycle jacket in order to be served. Yee refused to remove his jacket. Zappone, acting as manager that night, was summoned to the Yee table. Zappone repeated the request to remove the offending garment prior to serving the Yee party. Yee refused this request as well and left the restaurant.

Yee filed his complaint on June 3, 1987, alleging violations of R.C. 4112.-02(G).

Zappone filed his motion for summary judgment on June 30, 1988. Filed with this motion was the affidavit of John Zappone which detailed the reason and policy for the banning of all "biker" jackets from his restaurant. Yee opposed the motion for summary judgment on July 15, 1988, attaching a copy of *Ohio Civil Rights Comm. v. Lysyj* (1974), 38 Ohio St.2d 217, 67 O.O.2d 287, 313 N.E.2d 3, as an exhibit.

The court granted the motion for summary judgment on August 5, 1988 without an oral hearing.

This timely appeal raising one assignment of error followed:

"The trial court erred and abused its discretion when it entered summary judgment by determining without taking evidence that discrimination based on a dress style does not constitute an unlawful discriminatory practice under 4112.02(G) of the Ohio Revised Code."

Civ.R. 56(C), in pertinent part, provides:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

R.C. 4112.02 provides:

"It shall be an unlawful discriminatory practice:

" * * *

"For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, national origin, handicap, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges thereof."

The standard for determining whether there has been unlawful discrimination pursuant to R.C. 4112.02(G) was stated in *Ohio Civil Rights Comm. v. Lysyj, supra,* at 221, 67 O.O.2d at 290, 313 N.E.2d at 6:

" * * * When determining whether there has been unlawful discrimination under R.C. 4112.02(G), the test is simply whether the proprietor, keeper, manager or employee of a place of public accommodation has denied to *any* person the full enjoyment of such place for reasons not applicable alike to *all* persons, irrespective of race, color, religion, national origin or ancestry." (Emphasis added.)

In the present case, the record clearly establishes that Zappone denied Yee the full enjoyment of the restaurant because of improper attire, irrespective of race, color, religion, national original, handicap, age or ancestry. Furthermore, it is unrefuted that the restaurant banned all motorcycle jackets, no matter who wore them, to discourage violent conduct by motorcycle club members, which had occurred prior to institution of the dress code in 1983. It is unrefuted that signs were posted notifying the general public of the need for "proper attire" and that the restaurant employees were instructed that proper attire did not include motorcycle apparel. The allegations contained in Zappone's affidavit must be taken as true since Yee failed to offer any rebuttal with proper evidentiary materials. *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 10 OBR 386, 461 N.E.2d 1331; *Stemen v. Shibley* (1982), 11 Ohio App.3d 263, 11 OBR 441, 465 N.E.2d 460.

Appellant's attempt to rely on a memorandum produced by William Telzrow, the trial court's law clerk, for the benefit of the trial court, is misplaced. The memorandum is not part of the record and will be disregarded as it was not filed in the trial court. See App.R. 9, Loc.App.R. 4, and Civ.R. 5(D) and (E).

Viewing the evidence in a light most favorable to Yee, we find that reasonable minds can come to but one conclusion: that the actions of appellee were not discriminatory.

*Judgment affirmed.*

ANN McMANAMON, C.J., and PATTON, J., concur.