OPINION
Appellant, Liquor Control Commission (hereinafter, "Commission"), appeals the November 12, 1998 Judgment Entry of the Licking County Court of Common Pleas. Appellee is Gourmet Beverage Center, Inc. (hereinafter, "Gourmet Beverage").
 STATEMENT OF THE CASE AND FACTS
In 1933, the Ohio General Assembly passed the Liquor Control Act, which decreed the State maintain a monopoly over the distribution of liquor. The Act established the Department of Liquor Control, (hereinafter "Department") to manage the monopoly. The Act further established the Commission, a body of three appointed individuals with a number of powers, including the power to hear appeals from the Department. See R.C. 4301.04(B). While the State currently owns and operates liquor stores, it also engages private business to act as its agent in selling liquor. See R.C. 4301.17. In 1992, the Department solicited bids for an agency store to be located in Heath Ohio. The Department received two qualified bids; one from Gourmet Beverage, appellant herein, and one from ABC. The Department evaluated the bids and subsequently awarded the agency contract to ABC. On July 20, 1993, Gourmet Beverage filed a Notice of Administrative Appeal with the Commission and a declaratory judgment action, seeking declaratory and injunctive relief, in the Franklin County Court of Common Pleas. The Commission stayed the administrative appeal pending the outcome of the declaratory judgment action. The complaint before the Franklin County Court of Common Pleas requested a temporary restraining order and temporary and permanent injunctions enjoining the Department from awarding the agency to ABC; a judgment declaring the agency award to ABC void; a judgment declaring the Department's selection process unlawful; and a judgment declaring any agency contract award must meet all agency specifications at the time the contract was awarded. On August 27, 1993, the Franklin County trial court denied the temporary restraining order and dismissed the action for lack of subject matter jurisdiction, pursuant to R.C. 4301.10(B)(1). Gourmet Beverage appealed the decision to the Tenth District Court of Appeals. The Tenth District affirmed the dismissal, but for a different reason. The Tenth District found the dismissal proper because Gourmet Beverage had failed to exhaust its administrative remedies. In the opinion, the Tenth District explicitly stated the Department conceded the Commission had jurisdiction to hear Gourmet Beverage's appeal. Further, the Department raised failure to exhaust administrative remedies as an affirmative defense in its answer to the underlying declaratory judgment action. The Appellate Court found the trial court could not have entertained a claim for declaratory relief because appellant was not challenging the validity of any statute or regulation. Further, the Tenth District found dismissal of the claim for injunctive relief proper where other adequate relief, i.e., the administrative appeal process provided for in R.C. 4301.04, was available to Gourmet Beverage. The Department appealed the decision to the Ohio Supreme Court. On March 6, 1996, the Supreme Court issued its Journal Entry declining jurisdiction. The Commission set a hearing on Gourmet Beverage's administrative appeal for April 23, 1998. Prior to this hearing, the Department filed a motion to dismiss, and Gourmet Beverage filed its memorandum in opposition. At the hearing, both parties presented oral arguments to the Commission on the issue of jurisdiction. On July 16, 1998, the Commission dismissed the appeal, finding it had no jurisdiction to hear the case. Gourmet Beverage filed a Notice of Appeal in the Licking County Court of Common Pleas. In a Journal Entry dated November 13, 1998, the trial court reversed the order of the Commission and found the Commission did have jurisdiction under the provisions of R.C. 4301.14(B). It is from that decision the Commission prosecutes this appeal assigning the following as error:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE LIQUOR CONTROL COMMISSION HAD JURISDICTION TO REVIEW THE DECISION OF THE DIRECTOR OF LIQUOR CONTROL IN AWARDING A CONTRACT FOR AN AGENCY STORE.
II. THE LOWER COURT ERRED WHEN IT DETERMINED IT HAD SUBJECT MATTER JURISDICTION.
III. THE LOWER COURT ERRED WHEN IT DETERMINED THAT AN AGENCY STORE INVOLVE THE ISSUANCE OF A LIQUOR PERMIT.
 I, II III
Because each assignment of error involves the fundamental question of jurisdiction, we shall address the three assignments of error together. The doctrine of law of the case requires after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes law of the case, and must be followed by the lower court in subsequent proceedings in that case. Stemen v. Shibley (1982), 11 Ohio App.3d 263, 265. A trial judge is without authority to resolve the law at variance with the mandate of the court of appeals upon a former appeal of the case. Id. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution, designating a system of superior and inferior courts, each possessing a distinct function. Id. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals. Id. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus. Further, the doctrine of the law of the case is applicable to subsequent proceedings in the reviewing court. Id. at 4. An appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice. Pavlides v. Niles Gun Show, Inc, (1996), 112 Ohio App.3d 609, 615. In the matter sub judice, the Tenth District Court of Appeals has decided the question of jurisdiction. Its September 21, 1995 Decision cogently states: The administrative appeal process available to [Gourmet Beverage] is authorized by R.C. 4301.04(B), which reads as follows: The liquor control commission has the following powers * * *: * * *
"(B) To consider, hear, and determine all appeals authorized by Chapter 4301 and 4303 of the Revised Code, to be taken from any decision, determination or order of the department * * *. The liquor control commission shall accord a hearing to any person appealing or complained against, at which such person has the right to be present, to be represented by counsel, to offer evidence, and to require the attendance of witnesses."
At oral argument and in its brief, the Department conceded that the Liquor Control Commission had jurisdiction to hear Gourmet Beverage's appeal. In its answer filed October 6, 1993, the Department raised failure to exhaust administrative remedies as an affirmative defense.
* * * * * * The administrative appeal process of R.C. 4301.04 provides an adequate remedy. Therefore, it was not error to dismiss appellant's claim for an injunction. (At p 5-6). In the matter sub judice, the trial court used the same analysis to reach its conclusion the Commission has jurisdiction to hear the appeal of the Department's decision to award the agency contract to ABC. We note, the Commission and the Department, two interrelated agencies, have been represented at each stage of both of the aforementioned proceedings by the same counsel, the Ohio Attorney General. More importantly, the issue in both proceedings has never changed; i.e., does the Commission have jurisdiction to hear Gourmet Beverage's administrative appeal. While the caption of the matter sub judice indicates the parties may be different from the appeal taken to the Tenth District, even a cursory review of the documents of record conclusively demonstrates the real parties in interest remain the same. In each stage of this litigation, Gourmet Beverage has sought review of the same decision. To date there has been no hearing on the merits, but two separate appellate districts have reviewed the issue of jurisdiction. We find the Tenth District Court of Appeals' September 21, 1995 Decision established the law of this case on the issue of jurisdiction. We find the Commission has jurisdiction to hear the appeal in the matter sub judice. The Commission's three assignments of error are overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur