OPINION
Appellant Milwaukee Insurance Company appeals a judgment of the Stark County Common Pleas Court awarding appellee Trena M. Nichols, aka Brown, pre-judgment interest on an arbitration award in the amount of $135,000, to run from the date of the accident:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I THE LOWER COURT ERRED OR ABUSED ITS DISCRETION IN FAILING TO DECIDE WHEN THE FIRST NOTICE OR DEMAND WAS MADE UPON APPELLANT IN MAKING ITS DETERMINATION AS TO WHEN PRE-JUDGMENT INTEREST SHOULD ACCRUE.
 ASSIGNMENT OF ERROR II THE LOWER COURT ERRED OR ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE OPINION OF THE FIFTH APPELLATE DISTRICT, CASE NO. 2000CA 00066, IN MAKING ITS DETERMINATION AS TO WHEN PRE-JUDGMENT INTEREST SHOULD ACCRUE.
 ASSIGNMENT OF ERROR III THE LOWER COURT ERRED IN FINDING THAT ITS DECISION THAT PRE-JUDGMENT INTEREST SHOULD RUN FROM THE DATE OF THE ACCIDENT COMPLIES WITH THE REQUIREMENTS OF LANDIS AND WITH THE RATIONALE OF THE TRIAL COURT IN THE REMAND OF LANDIS AS FOUND AT 100 OHIO MISC. 2d 31 (1999).
 ASSIGNMENT OF ERROR IV THE LOWER COURT ERRED OR ABUSED ITS DISCRETION IN LIMITING ITS FOCUS UPON THE CONTRACT OF INSURANCE, EXTENT OF LITIGATION AND "MAKE-WHOLE DOCTRINE" IN MAKING ITS DETERMINATION AS TO WHEN PRE-JUDGMENT INTEREST SHOULD ACCRUE.
 ASSIGNMENT OF ERROR V THE TRIAL COURT ERRED IN FAILING TO MAKE THE ACTUAL DOLLAR-AMOUNT COMPUTATION OF PREJUDGMENT INTEREST.
 ASSIGNMENT OF ERROR VI THE TRIAL COURT ERRED IN AWARDING PRE-JUDGMENT INTEREST WHEN THE ARBITRATION AWARD WAS NEVER REDUCED TO JUDGMENT.
On January 21, 1993, appellee was involved in an automobile collision, sustaining injuries. While she was lying on the front seat of her vehicle, it was struck by an ambulance. As a result, appellee sustained further injuries. At the time of the accident, appellee had uninsured motorist coverage through appellant.
On January 19, 1995, appellee filed a complaint against the ambulance driver and others. On February 28, 1996, appellant was joined as a defendant. On August 26, 1996, the trial court granted summary judgment in favor of the defendants, finding that they were immune from liability. The court also dismissed appellee's claim against appellant.
Appellee filed a notice of appeal to this court. We reversed, finding appellee was entitled to uninsured motorist coverage from appellant.Nichols v. Mets Paramedic Service, Inc. (August 13, 1997), Tuscarawas Appellate No. 96AP110091, unreported.
On remand, appellee's claim was submitted to binding arbitration. On December 16, 1999, the arbitration panel issued a unanimous award in favor of appellee in the amount of $135,000.
On January 7, 2000, appellee filed an application for an order confirming the arbitration award, and for prejudgment interest pursuant to R.C. 1343.03 (A). On January 27, 2000, the trial court awarded appellee pre-judgment interest from the date of the accident.
Appellant filed a notice of appeal to this court. We reversed, finding that the trial court had no basis in fact to determine that the date of the accident was the date of the first notice or demand for payment. We remanded the case to the Stark County Common Pleas Court to determine when the first notice or demand was made upon appellant, and calculate interest accordingly.
On remand, the court held a hearing on the issue of when the first notice or demand was made upon appellant. At that hearing, appellee presented evidence that on March 18, 1993, counsel for appellee notified an adjuster for appellant of his representation of appellee and Amanda Patterson, a passenger in appellee's vehicle. The letter advised appellant that counsel was representing appellee and Amanda Patterson in all matters arising out of injuries sustained in an auto collision on January 21, 1993. The letter further stated that both of his clients were receiving medical treatment for injuries sustained in the collision, and asked appellant to forward all correspondence concerning these claims to counsel. Appellant argued that while this letter put it on notice that Amanda Patterson might be filing a claim against appellee's general liability policy, it did not make reference to an uninsured claim by appellee, and therefore did not place appellant on notice of a potential uninsured claim.
The court again awarded interest from January 21, 1993, the date of the accident.
 I and II
Appellant first argues that the court erred in failing to follow the doctrine of law of the case, and order pre-judgment interest to run from the date of the first notice or demand. We agree.
Under the doctrine of law of the case, after a definite determination of a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review therefrom to the Supreme Court, the pronouncement of law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in the case. Steman v. Shibley
(1982), 11 Ohio App.3d 263, 265. A trial court is without authority to resolve the law at variance with the mandate of the court of appeals upon a former appeal of the case. Id.
In the instant case, this court's order on remand was for the trial court to determine the date of the first notice or demand on appellant. The trial court did not do so. Therefore, pursuant to the doctrine of law of the case, the judgment of the trial court is reversed.
At the hearing on September 26, 2000, the only evidence presented was the letter written by counsel for appellee to appellant, notifying appellant of his representation of both appellee and the passenger in appellee's vehicle. At this point, appellant was put on notice that both appellee and Patterson had sustained injuries in the accident. Although specific language concerning what claims might be made is not included in the letter, at this point appellant was put on notice that the potential existed for both a claim against appellee's liability policy by Patterson, and/or a claim for uninsured/underinsured benefits by appellee. Accordingly, the court should have ordered pre-judgment interest to run from March 18, 1993, to February 21, 2000, the date payment on the arbitration award was tendered.
The first and second assignments of error are sustained.
 III IV
Appellant argues the court erred in using the date of the accident as the date of calculation for prejudgment interest, pursuant to the factors set forth in Landis v. Grange Mutual Insurance Company (1998),82 Ohio St. 339. These assignments of error are rendered moot by our disposition of assignments of error I and II, and are overruled.
 V
Appellant argues that the court erred in failing to enter a dollar amount of pre-judgment interest. This assignment of error is rendered moot by disposition of assignments of error I and II.
 VI
Appellant argues that the court erred in awarding pre-judgment interest, as the arbitration award has yet to be reduced to final judgment. This claim should have been raised in appellant's earlier appeal to this court, and any error is therefore waived.
The sixth assignment of error is overruled.
Pursuant to our disposition of assignments of error I II, the judgment of the Stark County Common Pleas Court awarding pre-judgment interest from January 21, 1993, is vacated. Appellee is entitled to prejudgment interest on the $135,000 award at the rate of 10% compounded annually, from March 18, 1993, to February 21, 2000, six years and 340 days or 6.931 years. Pursuant to App.R. 12 (B), we hereby enter final judgment awarding appellee Trena M. Nichols, aka Brown, pre-judgment interest in the amount of $126,364.84.
 JUDGMENT ENTRY
Pursuant to our disposition of assignments of error I II, the judgment of the Stark County Common Pleas Court awarding pre-judgment interest from January 21, 1993, is vacated. Appellee is entitled to prejudgment interest on the $135,000 award at the rate of 10% compounded annually, from March 18, 1993, to February 21, 2000, six years and 340 days or 6.931 years. Pursuant to App.R. 12 (B), we hereby enter final judgment awarding appellee Trena M. Nichols, aka Brown, pre-judgment interest in the amount of $126,364.84.
 ________ Gwin, J.
Gwin, J., and Hoffman, J., concur, Edwards, P.J., dissents in part.