DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, in which the trial court granted a joint motion for summary judgment filed by appellees, Northwest Catawba Marina, Inc., and its president, Robert Brown, and dismissed a complaint filed by appellants, SJC Properties, Inc. ("SJC"), and its president, Sharon J. Collins. Pursuant to 6th Dist.Loc.App.R. 12(C), we hereby assign this case to our accelerated calendar.
 {¶ 2} On appeal appellants set forth the following two assignments of error:
 {¶ 3} "First assignment of error:
 {¶ 4} "The lower court erred in granting defendant's motion for summary judgment.
 {¶ 5} "Second assignment of error:
 {¶ 6} "The lower court erred in granting summary judgment by making a predisposition of disputed facts contained within the plaintiffs' pleadings and obtained through discovery."
 {¶ 7} On March 3, 1996, appellees and Collins Marine, Inc. ("Collins"), which is not a party to this appeal, entered into a five-year lease for a building on Catawba Island, to be used as a combination restaurant, bar and grill. The effective date of the lease was January 1, 1996. On March 11, 1996, Collins assigned the lease, with appellees' consent, to appellants, SJC., and its owner, Sharon Collins.
 {¶ 8} By September 1996, SJC was behind in its lease payments. On September 20, 1996, appellees evicted appellants from the leased premises for non-payment of rent.
 {¶ 9} On July 31, 2000, appellants filed a complaint against appellees for damages due to wrongful eviction, loss of profits, tortious interference with the lease, conversion of property, and spoliation of appellants' business and personal records. On April 9, 2002, appellees filed a motion for summary judgment and a memorandum in support thereof. Attached to appellees' memorandum was the affidavit of appellee, Robert Brown.
 {¶ 10} Brown stated in his affidavit that appellants were evicted from the leased premises because SJC was behind in its rent payments and appellant, Sharon Collins, told him that SJC would not be making any more rent payments. Brown further stated in his affidavit that, in addition to not making timely rent payments, SJC failed to pay maintenance fees and other expenses as specified in the lease. Brown also stated that some of appellants' business and personal records were seized by law enforcement officials, and the rest of the records were given to Sharon Collins' son after the termination of the lease.
 {¶ 11} In addition to Brown's affidavit, appellees attached to its motion copies of the lease between Northwest Catawba Marina, Inc. and Collins, the assignment of the lease from Collins to SJC, and appellees' accounts ledger showing the payments made by SJC from January 1996 through September 1996. Appellants did not respond to appellees' summary judgment motion.
 {¶ 12} On May 30, 2002, the trial court filed a judgment entry in which it found, based on the uncontroverted evidence presented by appellees, that appellees were entitled to summary judgment as a matter of law. On June 28, 2002, a timely notice of appeal was filed.
 {¶ 13} Appellants' two assignments of error will be considered together, since they argue in both that the trial court erred by granting appellees' motion for summary judgment.In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, pursuant to Civ.R. 56(E):
 {¶ 14} "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 15} Ohio courts have interpreted Civ.R. 56(E) to mean that, even if the non-moving party presents no evidence in opposition to that presented by the moving party, summary judgment shall be granted only "if appropriate." Stemen v. Shibley (1982), 11 Ohio App.3d 263, 268 (other citations omitted). However, in a case such as this one, "where the [non-moving party] has not produced countering affidavits, the [moving party's] affidavits are accepted as true." Id.
 {¶ 16} As to appellants' claim for wrongful eviction, in Ohio, the peaceful dispossession of a commercial tenant by a commercial landlord pursuant to a valid lease provision, i.e., self-help, is not prohibited by the forcible entry and detainer remedies set forth in R.C. Chapter 1923.Craig Wrecking Co. v. S.G. Loewendick Harness (1987),38 Ohio App.3d 79, 83. In this case, the record contains uncontroverted evidence that appellants were in default of the rent provisions set forth in paragraph 15 of their commercial lease as of September 1996, and that appellants were evicted from the leased premises after Sharon Collins told Robert Brown that SJC would not be paying any more rent. Accordingly, the record contains no evidence to support a claim for wrongful eviction.
 {¶ 17} As to appellant's remaining claims, the record contains uncontroverted evidence that appellees offered appellants a chance to retrieve their personal and business property, and that those business records not in appellees' possession had been seized by governmental authorities. In addition, the record contains no evidence that appellees interfered in any way with the lease. Accordingly, the record contains no evidence to support appellants' claims of conversion, tortious interference, and spoliation of records.
 {¶ 18} This court has considered the entire record which was before the trial court and, upon consideration thereof, finds that there remains no other genuine issue of material fact, and reasonable minds can only conclude that appellees are entitled to summary judgment as a matter of law. Appellants' two assignments of error are not well-taken.
 {¶ 19} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.