OPINION
{¶ 1} This is an appeal by the State of Ohio of the dismissal of the remaining two counts of the indictment after treatment in lieu as to one count.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The charges were: Two counts of illegal processing of drug documents (R.C. 2925.23(B)(1)) and one count of possession of criminal tools (R.C. 2923.24(A)).
{¶ 3} This court has addressed this case in three prior appeals, to-wit: 01COA01417, 03COA050 and 04COA029.
{¶ 4} We summarize the facts herein but incorporate the facts set forth in the three prior appeals by reference. But suffice it to say, that the court, on motion, amended Count Two to alter the dates indicated in the indictment and made Appellee eligible for treatment in lieu as to such charge. He was not eligible by statute for such treatment as to Counts One and Three.
{¶ 5} After completion of such program, the court requested dismissal by the State of Counts One and Three and, when not done, dismissed such Counts.
{¶ 6} The appeals by the State and remands followed.
{¶ 7} The Assignment of Error is:
 ASSIGNMENT OF ERROR
{¶ 8} "BY DISMISSING THE INDICTMENT AGAINST THE APPELLEE ON REMAND, THE TRIAL COURT FAILED TO FOLLOW THE LAW OF THE CASE, AND, THEREFORE, ABUSED ITS DISCRETION."
 I.
{¶ 9} The Appellant, State of Ohio states that the trial court failed to follow the mandate of this court, thereby not following the law of the case and abused its discretion.
{¶ 10} The doctrine of the law of the case requires that after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in that case. Stemen v. Shibley (1982),11 Ohio App.3d 263, 265. A trial judge is without authority to resolve the law at variance with the mandate of the Court of Appeals upon a former appeal of the case. Id. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution, designating a system of superior and inferior courts, each possessing a distinct function. Id. The Constitution does not grant to a Court of Common Pleas jurisdiction to review a prior mandate of a Court of Appeals. Id.
{¶ 11} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 12} In the case sub judice, after the last remand, the court stated:
{¶ 13} "1. The Defendant successfully completed two (2) years of Treatment in Lieu ordered on May 7, 2001 in this case;
{¶ 14} "2. All the other charges in the remaining counts involve conduct which occurred in May of 2000, within a few months of the conduct in the count eligible for Treatment in Lieu;
{¶ 15} "3. That all these offenses involved a continuing course of similar and related conduct;
{¶ 16} "4. That the Defendant has successfully completed a two (2) year treatment program under the supervision of the Probation Department of this Court;
{¶ 17} "5. No further legitimate ends can be achieved by proceeding to the trial on the remaining counts of the Indictment; and
{¶ 18} "6. Proceeding on the remaining counts of the Indictment does not serve the interests of justice."
{¶ 19} Appellee in response relies on Criminal Rule 48(B) andState v. Busch (1996), 76 Ohio St.3d 613.
{¶ 20} Crim.R. 48(B) states:
{¶ 21} "(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
{¶ 22} State v. Busch, supra, was addressed by this court in its prior opinions in stating that the court failed to state on the record its findings of fact and reasons why the dismissal of the remaining counts serves the interests of justice.
{¶ 23} The decision of the trial court in once again dismissing the two counts sets forth the facts of the case but reiterates the same conclusion without providing reasons why justice was served in dismissing the two charges as to which treatment in lieu was not available by statute.
{¶ 24} We find that his reasons merely support the first charge to which such treatment was applicable.
{¶ 25} We therefore sustain the Assignment of Error, find that the court abused its discretion and remand for further proceedings in accordance herewith.
Boggins, P.J., Gwin, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and remanded. Costs assessed to appellee.