OPINION
{¶ 1} Appellants, Steve and Terri Parker (collectively referred to as "the Parkers"), appeal the December 17, 2007 judgment of the Lake County Court of Common Pleas awarding them $45,002.31 for damages sustained to their property. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The Parkers own lakefront property at 37371 Lakeshore Boulevard, Eastlake, Ohio, which is located adjacent to residential property owned by Gary L. and Lou Ann Hegler (collectively referred to as "the Heglers"), at 37337 Lakeshore *Page 2 
Boulevard, Eastlake, Ohio. Both the Parkers' and Heglers' property have approximately 100 feet of frontage on Lake Erie. The yard elevations in the rear of both parcels are approximately 25 to 30 feet above the normal lake level.
 {¶ 3} The Heglers, in the fall of 1999, began an excavation project, whereby they constructed a road from the north side of their property to Lake Erie. During the spring of 2000, the Heglers widened the road excavation so that the eastern edge of the road was approximately ten feet from the Parker-Hegler property line. In addition, the Heglers constructed a retaining wall, using steel beams and concrete forms, which extended the entire length of the roadway. A series of concrete blocks, each three cubic feet, were installed at the base of the roadway, in an effort to offer protection against shoreline erosion.
 {¶ 4} The Parkers filed suit against the Heglers for damages, claiming the construction of the road by the Heglers caused their property to be unstable and to suffer erosion. The Heglers filed an answer denying they were negligent in the excavation and construction of the roadway, as well as the subsequent construction of the retaining wall.
 {¶ 5} The case proceeded to a bench trial, and the trial court found that it would cost $160,000 to remediate the damage to the Parkers' property. However, the trial court concluded that "the remediation costs ($160,000) are unreasonably high and will involve significant economic waste if implemented." After a hearing to ascertain the fair market value of the Parkers' property before and after the damage, the trial court awarded judgment to the Parkers in the amount of $20,000 for the diminution in the value of their property. Further, the trial court awarded the Parkers consulting and engineering fees in the amount of $9,021.31, for a total judgment of $29,002.31. *Page 3 
 {¶ 6} The Parkers filed an appeal to this court alleging the trial court erred in calculating the measure of damages. In Parker v.Hegler, 11th Dist. No. 2006-L-062, 2006-Ohio-6495, at ¶ 44, we determined that the appropriate rule for the trial court to employ is that prescribed in the Restatement of Law 2d, Torts (1979), section 929, and, therefore, the matter was remanded "to the trial court for the purpose of reviewing the evidence already in the record, and ascertaining a reasonable amount of damages that would allow the Parkers to restore their property to a condition as close as reasonably feasible to the condition it enjoyed before the damage caused by the Heglers."
 {¶ 7} On remand, the Parkers and the Heglers submitted briefs to the trial court regarding their interpretation of this court's opinion inParker v. Hegler, supra, and how the opinion should be implemented by the trial court. On December 17, 2007, the trial court issued a final judgment in favor of the Parkers in the amount of $45,002.31.
 {¶ 8} The Parkers filed a timely notice of appeal and assert the following assignment of error:
 {¶ 9} "The trial court erred in not conducting a hearing consistent with this court's order of December 11, 2006 in order to consider Restatement damages including (a) actual present-day costs of restoration[,] (b) damages for loss of the use of land and (c) damages for discomfort and inconvenience."
 {¶ 10} In their brief, the Parkers argue that the trial court should have conducted a hearing concerning "evidence of the three Restatement elements." For the following reasons, we disagree with this position advocated by the Parkers.
 {¶ 11} The Supreme Court of Ohio described the "law of the case" doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4, when it stated: *Page 4 
 {¶ 12} "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." (Internal citations omitted.)
 {¶ 13} The purpose of the law of the case doctrine is to ensure that the trial court obeys the mandate of the appellate court upon remand.Stemen v. Shibley (1982), 11 Ohio App.3d 263, 265. (Citation omitted.)
 {¶ 14} In Parker v. Hegler, at ¶ 30-44, this court ordered the trial court, upon remand, to apply the measure of damages as stated in the Restatement of Law 2d, Torts (1979), section 929. Further, this court directed the trial court to utilize "the evidence already in therecord, and [ascertain] a reasonable amount of damages that would allow the Parkers to restore their property to a condition as close as reasonably feasible to the condition it enjoyed before the damage caused by the Heglers." Id. at ¶ 44. (Emphasis added.)
 {¶ 15} In its December 17, 2007 judgment entry, the trial court stated, "[s]ince the Court of Appeals requires the use of the Restatement's restoration cost measure of damages, the only remaining question is what the reasonable cost would be for restoration of the plaintiffs' [the Parkers'] property `to a condition as close as reasonably feasible to the condition it enjoyed before the damage caused by the Heglers.'" The trial court further asserted: *Page 5 
 {¶ 16} "Defendants [the Heglers] note that their retaining wall has never catastrophically failed, and that it may never catastrophically fail in the future. In this respect, an award for restoration of damage that has not happened, and may not ever happen, could easily be termed `speculative.' However, even assuming, for the sake of argument, that the relentless erosive forces along Lake Erie will, at some point, predictably cause a catastrophic failure of the retaining wall, the URS report of August [sic] 17, 2004 (Plaintiffs' Exhibit 6), and the testimony already in the record by Mr. [Keith] Mast [a civil engineer], determined that the shoreline protection system would cost $1,000.00 per foot of shoreline. In addition, there was testimony from [Mr. Jack] McFadden [a professional engineer and surveyor] that the `zone of influence' of a total failure of the retaining wall would extend along only 36 feet of the lake frontage on the Parker property. The likely cost of a reasonable restoration would thus be $36,000.00. In addition, plaintiffs [the Parkers] are entitled to repayment of their expert witness fees in the amount of $5,000.00 from URS Corporation for engineering fees, and $3,502.31 in expenses which they paid to Greenland Consulting."
 {¶ 17} Although the Parkers urge this court to "enter an order specifically directing that the trial court set a hearing in which it can consider Restatement damages in the form of real present-day restoration damages, damages for loss of use of the land[,] and damages for discomfort and annoyance," they do not provide this court with any legal basis to support their assertion. This court's prior opinion did not suggest that the Parkers were entitled to a new trial in order to determine damages, nor were the Parkers permitted to submit additional evidence for the trial court's consideration.
 {¶ 18} Further, the Parkers argue that the trial court did not specifically address damages permitted by the Restatement, as noted by this court in Parker v. Hegler, *Page 6 2006-Ohio-6495. However, while this court noted that the Restatement of the Law permits for certain measures of recovery by the landowner, we did not direct the trial court to find that the Parkers' were entitled to those damages. Parker v. Hegler at ¶ 30-34.
 {¶ 19} Contrary to the Parkers' claims, our opinion in Parker v.Hegler specifically ordered the trial court, upon remand, to employ the evidence that was already before it, "and [ascertain] a reasonable amount of damages that would allow the Parkers to restore their property to a condition as close as reasonably feasible to the condition it enjoyed before the damage caused by the Heglers." Id. at ¶ 44.
 {¶ 20} In addition, it is important to note that the Parkers' complaint never alleged such damages or prayed for recovery of these damages. Count one of the complaint clearly requested recovery for damage to remediate and restore the property. Count two asked for damages to the property, and count three was a request for damages due to the diminution in value of the property. Under these circumstances, it was neither appropriate nor necessary for the trial court to address these items in its entry on remand.
 {¶ 21} As such, the Parkers' sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1