Defendant-appellant Miracle Makers, Inc. appeals from orders of the trial court granting summary judgment and awarding prejudgment interest against it on an account.
This case has a long procedural history. On April 18, 1996, plaintiff-appellee SGP Ltd. dba Success Guide (SGP), an Ohio corporation located in Cleveland, Ohio, commenced this action in the Cuyahoga County Common Pleas Court against Miracle Makers, a New York corporation located in Brooklyn, New York. The complaint alleged that SGP published a five-page advertisement for Miracle Makers in the 1995 New York Success Guide publication pursuant to a written agreement with Miracle Makers but that Miracle Makers failed to pay SGP the agreed price of $15,000. SGP also raised a claim for quantum meruit.
SGP's complaint specifically alleged that:
 Miracle Makers conducts significant business activities within the State of Ohio. In addition, Success Guide's claims against Miracle Makers arise directly out of Miracle Makers' contacts within the State of Ohio. In this regard, Success Guide's claims against Miracle Makers arise out of Miracle Makers' request for advertising services within the State of Ohio. As a consequence of these and other business activities within the State of Ohio, Miracle Makers has purposely availed itself of the privileges and benefits of this state such that it is subject to personal jurisdiction in this Court.
A copy of an executed contract between SGP and Miracle Makers was attached to the complaint.
Miracle Makers, represented by the New York law firm of Felton 
Associates, submitted an answer and affirmative defenses. The answer denied the allegations of the complaint and argued, inter alia, that the common pleas court lacked personal jurisdiction over Miracle Makers and that Miracle Makers never has done any business or entered into any contract with any organization in the State of Ohio. The answer was accompanied by a verification completed by Willie Wren, an officer of Miracle Makers. The verification did not make an unqualified statement that it was based on Wren's personal knowledge and did not authenticate the attached exhibits. Moreover, at the time of filing, Felton 
Associates was not authorized to practice law in Ohio and corporate officers, such as Wren, who are not attorneys may not represent a corporation.
The trial court thereafter entered a case management decree and scheduled a pretrial. The clerk of court entered a notation on the docket that notice was issued to the parties. Neither Miracle Makers nor its New York counsel appeared at the pretrial. The trial court rescheduled the pretrial and granted SGP leave to file a motion for summary judgment. The clerk of court again noted that notice was issued to the parties.
Approximately one week thereafter, Miracle Makers obtained Ohio counsel who filed a stipulation by both parties to grant Miracle Makers an additional month for leave to plead. The trial court granted the request. After the month elapsed, SGP filed a motion for summary judgment, supported by an affidavit and various documents. No motion to admit New York counsel pro hac vice to represent Miracle Makers in this action was filed.
The record does not contain a brief in opposition by Miracle Makers to the motion for summary judgment. Approximately one month later, however, New York counsel for Miracle Makers apparently sent counsel for plaintiff a document captioned Affirmation and Affidavit in Opposition to Plaintiff's Motion for Summary Judgment. This document did not comply with local practice rules, and was not filed with the clerk of the common pleas court or recorded on the trial court's docket sheet, but a copy is in the record. Miracle Makers did not file a motion to dismiss for lack of personal jurisdiction, but instead sought to raise this defense to defeat summary judgment.
The next document that was filed is SGP's Motion to Strike and Reply Brief in Support of Summary Judgment. SGP sought to strike the Affirmation and Affidavit in Opposition to Plaintiff's Motion for Summary Judgment sent to it by New York counsel for Miracle Makers. SGP disputed a claim by New York Counsel in the Affirmation and Affidavit that she had been granted permission by the common pleas court to appear pro hac vice.
Moreover, SGP argued that the affirmation by New York counsel and affidavit of Miracle Makers Vice President Eddie Lacewell were also not made on personal knowledge.
The affirmation and affidavit make statements about what Miracle Makers President Wren was told, heard, or believed when negotiating the advertising contract with plaintiff. Wren did not appear at his scheduled deposition to provide his own testimony. Neither the affirmation of counsel nor the affidavit of Lacewell properly authenticate the attached exhibits. SGP argued it attached an executed copy of the June 20, 1994 contract between Miracle Makers and SGP to the complaint and that the attached documents related to a deal between Access New York and Miracle Makers in 1991, some 3 years earlier.
Miracle Makers responded by filing in the common pleas court a statement of counsel and affidavit of Wren as an Opposition to [SGP's] Motion to Strike and sur-reply. The statement of New York counsel contained double-hearsay that her secretary had been informed by the trial court's bailiff that she had been admitted to represent Miracle Makers pro hac vice. Wren's affidavit stated he read the prior affidavit of Lacewell, which had not been filed with the court, and I fully concur and accede to the statements in it. He complained that SGP did not explain its relationship with Access New York and that the only one he dealt with was Access New York.
The trial court granted the motion to strike the Affirmation and Affidavit in Opposition to Plaintiff's Motion for Summary Judgment. The trial court stated that New York counsel never made a motion for permission to appear pro hac vice and, contrary to New York counsel's representation, the court had never granted such a motion.
Plaintiff thereafter filed a supplemental motion for summary judgment, which the trial court granted for the first time three months thereafter. Miracle Makers filed no appeal, but approximately four months later filed a motion by Ohio counsel to permit New York counsel to appear pro hac vice. More than five months thereafter Miracle Makers filed a Combined Motion for Pro Hac Vice Admission and to Vacate the Default [sic] Judgment.
The trial court granted the motion for admission and to vacate the summary judgment over SGP's opposition. The same order directed Miracle Makers to reply to the motion for summary judgment by a deadline five weeks thereafter and scheduled a pretrial conference. The trial court noted that notice was issued to the parties.
SGP filed and served a supplemental motion, for the third time, seeking summary judgment and served a copy on Miracle Makers' New York counsel. Miracle Makers did not file any response, oppose the motion for summary judgment, or appear at the pretrial. The trial court thereafter granted summary judgment. The trial court ultimately entered judgment against defendant in the amount of $19,650 plus post-judgment interest at the statutory rate of 10% from May 4, 1998. Miracle Makers appeals raising three assignments of error.
Miracle Makers' first assignment of error follows:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN SUBSTANTIAL, MATERIAL ISSUES OF LAW AND FACT WERE PRESENTED WHICH WOULD PRECLUDE THE GRANTING OF PLAINTIFF'S MOTION.
This assignment lacks merit.
Miracle Makers contends that the trial court improperly granted summary judgment. It contends that the verified answer and the stricken Affirmation and Affidavit establish genuine issues of material fact.
There is no dispute that SGP made a properly supported motion for summary judgment. The sole question is whether Miracle Makers sufficiently opposed that motion for summary judgment. The record contains no brief in opposition to summary judgment before the motion was granted the first time or after summary judgment was vacated to give it a second opportunity to do so.
It is well established that when the party seeking summary judgment has satisfied its initial burden, the non-moving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing there is a genuine issue for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429. When the non-moving party does not properly respond, summary judgment may be granted if otherwise appropriate.
Miracle Makers did not respond in the case at bar by setting forth specific facts showing there is a genuine issue for trial. Parties must become familiar, and comply, with applicable rules governing practice. Miracle Makers' conduct of litigation looks, at best, like a comedy of errors. The verified answer, affirmation, and affidavit were defective when filed, and Miracle Makers has cited no authority that these documents became valid after its counsel was later granted pro hac vice
status.
None of the documents to which Miracle Makers refers is sufficient to create a genuine issue of fact. First, the verification originally filed with its answer did not state that it was based upon personal knowledge. Civ.R. 56(E); Evid.R. 602. Such a statement is necessary to defeat a properly supported motion for summary judgment. Second, the other affidavits to which Miracle Makers refers, the Affirmation and Affidavit, also were not based on personal knowledge and were stricken from the record. Even if these defects were not present, the documents were never properly filed.[1] Finally, the exhibits attached to these documents were never properly authenticated and, therefore, were not admissible into evidence. Evid.R. 901; Criggin Group Ltd. V. Crown DiversifiedIndus. Corp. (1991), 113 Ohio App.3d 853.
It is not clear why, despite repeated opportunities, Miracle Makers was unable or unwilling to file a single formal written document containing testimony under oath that was admissible into evidence. But that is what is required by Civ.R. 56(E) to defeat a properly supported motion for summary judgment.
It is well established that:
 [i]f the non-moving party fails to respond with evidentiary materials, the affidavit of the moving party is accepted as true.
Lawrence Barker Co., LPA v. Overseas Dev. Corp. (1989), 64 Ohio App.3d 545,548. After reviewing the record, we find that Miracle Makers failed to show the existence of any genuine issue of material fact or that the trial court erred by granting SGP's properly supported motion for summary judgment.
Accordingly, the first assignment of error is overruled.
Miracle Makers' second assignment of error follows:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN DEFENDANT'S COUNSEL WAS NOT PROVIDED WITH NOTICE OF THE COURT'S SCHEDULING OF DATES AND PRETRIAL HEARING.
This assignment lacks merit.
Miracle Makers contends the trial court improperly granted the third request for summary judgment because it allegedly failed to provide counsel with notice of the deadline to respond to the motion. It contends the trial court, in effect, granted summary judgment by default. The record contains nothing to support this claim.
As noted above, the trial court vacated its original order granting summary judgment. The clerk of the court specifically noted on the docket for this case that notice of the deadline for responding to the motion for summary judgment was issued to the parties. Civ.R. 58(B) provides [u]pon serving the notice and notation of the service in the appearance docket, the service is complete.
Service is presumed to be completed when the Civil Rules have been followed absent evidence to the contrary. See Potter v. Troy (1992),78 Ohio App.3d 372, 377. Neither Miracle Makers' New York nor Ohio counsel filed an affidavit stating that they did not receive the notice.
Moreover, the record shows that, after the trial court vacated its original order granting summary judgment, SGP filed a supplemental motion for summary judgment. This third request for summary judgment contained a certificate of service indicating that the motion was sent by regular U.S. mail to New York counsel. See, id. Miracle Makers does not contend, even in its brief on appeal, that it failed to receive this notice.
Finally, even if Miracle Makers did not receive actual notice of the response date as it contends, counsel is responsible to keep up with the progress of the case. The trial court's journal entry provides constructive notice to the parties of the scheduled dates. See e.g.,Zashin, Rich, Sutula Monastro Co., LPA v. Offenberg (1993),90 Ohio App.3d 436, 445 (citations omitted.)
The record shows, contrary to Miracle Makers' argument, that the trial court bent over backwards to accommodate Miracle Makers and did not grant a default judgment. On the contrary, SGP's original motion for summary judgment was supported by an affidavit of William Schneider. It stated, based on personal knowledge, that Miracle Makers entered into the attached contract, that SGP performed its obligations under the contract, and that SGP sent Miracle Makers the attached invoice which Miracle Makers refused to pay. The affidavit stated the $15,000 balance plus the agreed 1.5% per month charge for late fees. Despite filing the materials discussed above, Miracle Makers submitted no admissible evidence to dispute the existence of the agreement or amount of the debt. Nor did Miracle Makers submit any evidence that it did not receive notice of the pending motion for summary judgment. As a result, Miracle Makers has failed to show that the trial court improperly entered summary judgment against it.
Accordingly, the second assignment of error is overruled.
The third assignment of error follows:
 THE TRIAL COURT LACKED JURISDICTION OVER THE SUBJECT MATTER AND LACKED PERSONAL JURISDICTION OVER DEFENDANT. THE TRIAL COURT, THEREFORE, HAD NO AUTHORITY TO ENTER SUMMARY JUDGMENT AGAINST DEFENDANT.
This assignment lacks merit.
Miracle Makers contends that the trial court lacked both subject matter and personal jurisdiction in this case. Neither jurisdictional argument is persuasive.
R.C. 2305.01 grants common pleas courts general subject matter jurisdiction and provides in pertinent part as follows:
 Except as otherwise provided by this section, the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *.
R.C. 1907.03(A) establishes exclusive original jurisdiction in county courts for the recovery of sums not exceeding five hundred dollars in civil actions. Plaintiff's complaint sought to recover $15,000, plus interest, costs, and attorney fees, far in excess of the $500 exclusive jurisdiction of county courts.
Under the circumstances, it borders on the frivolous to contend that the common pleas court lacked subject matter over the breach of contract and quantum meruit claims in the case at bar. An Ohio common pleas court could have subject matter jurisdiction over such claims even if, as Miracle Makers argues in its brief on appeal, the contract was entered into in New York. This argument essentially challenges in personam, not subject matter, jurisdiction.
Miracle Makers' claim concerning the lack of personal jurisdiction, however, is no more persuasive. The question is whether Miracle Makers was transacting any business in Ohio. R.C. 2307.382(A)(1); Civ.R. 4.3(A)(1). The record shows that the written contract the parties negotiated and entered into provided that payments were to be made by Miracle Makers to SGP at an address in Cleveland, Ohio. Miracle Makers argued that the parties' agreement was entered into in New York and that it did no business in Ohio. However, as set forth above, it did not submit any admissible evidence to support its claim.
SGP, on the other hand, produced a copy of the executed Advertising Contract between Miracle Makers and SGP. This contract required all payments to be made to SGP at a Cleveland, Ohio address. The record also shows SGP sent an invoice to Miracle Makers which it refused to pay.
A party entering into a contract with a resident in Ohio may be subject to jurisdiction of Ohio courts in an action arising out of a dispute concerning the failure to make payments under that contract. E.g.,Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73;Reliance Elec. Co. v. Luecke (S.D.Ohio 1988), 695 F. Supp. 917. One has transacted business in Ohio when the obligations created by a defendant or by business operations set in motion by the defendant have a realistic impact on the commerce of this state. Reliance Elec. Co., supra at 919 (citation omitted). Miracle Makers alleges there was an intermediary between Miracle Makers and SGP. As a result of business operations set in motion by Miracle Makers, however, SGP performed in Ohio, Miracle Makers was obligated to pay SGP in Ohio, and it was foreseeable that litigation would arise in Ohio concerning disputes under the contract. Exercise of personal jurisdiction in this case does not offend traditional notions of fair play and substantial justice. Under the circumstances, the trial court could properly find that it had personal jurisdiction over Miracle Makers.
Accordingly, the third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., CONCURS IN JUDGMENT ONLY.
TIMOTHY E. McMONAGLE, J., CONCURS IN JUDGMENT ONLY.
 ______________________ DIANE KARPINSKI, JUDGE
[1] Miracle Makers does not contend that the subsequent Opposition to [SGP's] Motion to Strike and sur-reply was sufficient to defeat summary judgment. As a result, we deem any claim of error concerning this document to be waived.