**FOREST, Appellee,**

v.

**FOREST, Appellant.**

[Cite as *Forest v. Forest* (1993), 82 Ohio App.3d 572.]

Court of Appeals of Ohio,
Stark County.

No. CA–8946.

Decided Feb. 8, 1993.

*Susana B. Lewis,* for appellee.

*Jeffrey Haupt,* for appellant.

GWIN, Judge.

Defendant-appellant, Howard H. Forest ("appellant"), appeals from the judgment modifying his child support obligation from an amount previously agreed to by him and plaintiff-appellee, Ruth E. Forest ("appellee"), in a separation agreement to an amount provided for in the statutory child support guidelines. Appellant assigns as error:

"I. The trial court erred in upholding an increase in child support in a modification of support hearing when the parties entered into a separation agreement prior to the enactment of the child support guidelines.

"II. The trial court erred in upholding an increase in child support in a modification proceeding without making specific findings of fact or conclusions of law demonstrating the reasons therefor."

## I

Prior to the enactment of Ohio's child support guidelines, the parties entered into a separation agreement wherein appellant claims he agreed to a property settlement favorable to appellee, the custodial parent of the parties' minor children, in return for a lessor obligation in monthly child support. Appellant maintains the property settlement and child support obligation are indivisible when examining how he has provided for his children.

Nonetheless, following the enactment of the child support guidelines, appellee filed a motion for an increase in child support to a level provided for in the guidelines. Appellee's motion was administratively granted and appellant's objections to the increase were overruled by the family court.

■ Through his first assignments, appellant opines that the integrity of separation agreements entered into before the enactment of the child support guidelines will be destroyed if the courts are permitted to modify the previously agreed-upon child support agreements to conform with the guidelines. While we sympathize with appellant's position and agree with him philosophically, absent an abuse of discretion, we cannot legally reverse a trial court's decision to modify an agreed child support obligation to conform with the guidelines. See R.C. 3113.216; *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471, 472, 469 N.E.2d 564, 566. The legislature enacted the support guidelines for the benefit of children and did not provide for exceptions in the application of those guidelines where, as here, prior separation agreements were involved.

Here, upon review of the record on appeal, we cannot conclude the trial court abused its discretion, as that term is defined, in ordering a modification of appellant's child support obligation.

Accordingly, we overrule appellant's first assigned error.

## II

■ Through his second assignment, appellant maintains the trial court erred in ordering a modification of appellant's child support obligation without making specific findings of fact and conclusions of law to support same. We disagree.

Absent a timely request for findings of fact and conclusions of law, the trial court is not required to enter same where, as here, the amount of the trial support following modification did not deviate from the child support schedule. See R.C. 3113.215(B).

There being no timely request for findings of fact and conclusions of law, appellant's second assignment of error is overruled.

For the foregoing reasons, the judgment entered in the Stark County Court of Common Pleas, Family Court Division, is hereby affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and MILLIGAN, J., concur.