OPINION
Appellant William Marino, Jr. is appealing the decision of the Tuscarawas County Court of Common Pleas to increase his child support obligation. The following facts give rise to this appeal. The parties were married March 27, 1980. Three children were born as issue of the marriage. In September 1991, Appellant William Marino, Jr. and Appellee Teresa Marino entered into a separation agreement. The agreement did not provide for custody, visitation, support and child related issues. Those issues went to trial and the magistrate issued his report on April 23, 1993. The report incorporated the separation agreement and a shared parenting agreement entered into, by the parties, on November 18, 1992. The magistrate's report set child support at $254.23 per child, per month, but granted a twenty-seven percent deviation since the children would be spending half their time with appellant. Therefore, the magistrate recommended child support in the amount of $186 per child, per month. Both parties filed objections to the magistrate's report. On May 25, 1994, the trial court filed its judgment entry of divorce. The trial court determined appellant was not entitled to the deviation in child support recommended by the magistrate in his report. The trial court set appellant's child support obligation at $250 per month, per child. Appellant appealed this matter. We reversed the trial court, on the issue of child support, and entered judgment in accordance with the report of the magistrate filed April 23, 1993. On July 6, 1994, appellant filed a motion requesting release from or reduction in child support obligation due to upcoming transplant surgery for the parties' son. Appellant also requested that appellee be responsible for fifty percent of all medical bills arising from the transplant surgery. On August 2, 1994, appellee filed a motion requesting that appellant be held in contempt for failure to pay past medical bills, child support and Catholic school tuition. Following a hearing, the magistrate issued his report on December 16, 1994. In his report, based on this court's decision, the magistrate set child support at $186 per child, per month. The trial court affirmed the report of the magistrate, as it pertained to the issue of child support, on February 7, 1995. Appellant again appealed to this court. On October 3, 1995, we filed a per curium decision entering judgment in accordance with the report of the referee filed on April 23, 1993, not 1994, as to the calculation of child support and imputation of income to appellee. On February 26, 1997, appellee filed a motion to modify child support. The magistrate issued his report on January 2, 1998. In his report, the magistrate recommended that appellant's child support be increased to $410.74 per child, per month, for the period March 1, 1997 through July 15, 1997. Thereafter, the magistrate recommended $523.48 per child, per month. The magistrate's calculation of child support contained a twenty-seven percent deviation. Appellant filed objections. On October 26, 1998, the trial court modified the magistrates recommendations. The trial court ordered child support, in the amount of $524.04 per child, per month, from March 1, 1997 through July 12, 1997. From July 13, 1997 forward, the trial court set child support at $668.15 per month, per child. The trial court's calculation of child support did not contain the twenty-seven percent deviation. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT AND AN ABUSE
OF DISCRETION WHEN WITHOUT ANY OBJECTION TO MAGISTRATE'S DECISION AND WITHOUT ANY COMMENT IN HIS DECISION, THE TRIAL COURT CANCELLED (SIC) THE PRE-EXISTING TWENTY-SEVEN PERCENT (27%) DEVIATION TO CHILD SUPPORT BASED UPON TIME SPENT BY DEFENDANT, MR. MARINO WITH HIS CHILDREN.
II. THE MAGISTRATE (SIC) FINDINGS OF FACT ADOPTED BY THE TRIAL COURT BY IMPLICATION WAS (SIC) PREJUDICIAL TO DEFENDANT DEMONSTRATING A PREJUDICE, BIAS, AND ABUSE OF DISCRETION AGAINST THE DEFENDANT WHICH WERE NOT SUPPORTED BY EVIDENCE OR LAW AND SUCH WERE INEQUITABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY ADOPTING THE MAGISTRATE'S FINDINGS TO CALCULATE CHILD SUPPORT AMOUNT WITHOUT ANY DEVIATION FOR ECONOMIC BENEFIT CONFERRED UPON APPELLEE AND THE CHILDREN BY APPELLANT WHICH WAS IN THE BEST INTEREST OF THE CHILDREN.
 I
Appellant maintains, in his First Assignment of Error, the trial court abused its discretion when it canceled his pre-existing twenty-seven percent child support deviation. We agree. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's First Assignment of Error. We find, under the doctrine of law of the case, the trial court was required to include the twenty-seven percent deviation approved by this court in previous appeals in re-calculating appellant's child support obligation. We discussed the doctrine of law of the case and its applicability in Pavlides v. Niles Gun Show, Inc. (1996), 112 Ohio App.3d 609. In that case, we explained: The doctrine of law of the case requires that after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case and must be followed by the lower court in subsequent proceedings in that case. Id. at 615, citing Stemen v. Shibley (1982), 11 Ohio App.3d 263,265, 11 OBR 441,444-445, 465 N.E.2d 460, 463-464. A trial court is without authority to resolve the law at variance with the mandate of the court of appeals upon a former appeal of the same case. Id. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution. Id. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 11 OBR 1, 462, N.E.2d 410, syllabus. Id. at 615.
In our opinion issued on November 8, 1994, we entered judgment in accordance with the magistrate's report as it pertained to the calculation of child support. The magistrate's report included the twenty-seven percent deviation. The magistrate recommended the deviation because of the amount of time the children spend with appellant under the shared parenting agreement. The record indicates the shared parenting agreement is still in effect. Therefore, under the doctrine of law of the case, we find the trial court is required to include the twenty-seven percent deviation in modifying appellant's child support obligation. Appellant's First Assignment of Error is sustained.
 II
In his Second Assignment of Error, appellant challenges the findings of the magistrate, which the trial court adopted, on the basis that said findings demonstrate prejudice and bias against him and are against the manifest weight of the evidence. Appellant argues the trial court abused its discretion when it adopted these findings. Appellant first challenges Finding of Fact No. 2 concerning the issue of custody, parochial school tuition and health insurance expenses for the children. The magistrate found appellee to be the residential and custodial parent. Magistrate's Decision, Jan. 2, 1998, at 2. The magistrate further determined that appellant paid a percentage of the parochial school tuition and health insurance expenses for the children. Id. In his objections, appellant only objected to Finding of Fact No. 2 as it pertained to the payment of parochial school tuition. Pursuant to Civ.R. 53(E)(3)(b), appellant waived, for appellate purposes, the issues concerning residential parent and health insurance expenses. This rule provides, in pertinent part: * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
As to the issue of parochial school tuition, the record indicates appellant is entirely responsible for this expense. Appellant testified, at the hearing before the magistrate, that his father pays the cost of tuition. Tr. at 50, 240. Appellant requested the trial court reallocate the tuition expense; however, the trial court overruled appellant's request. Therefore, the magistrate incorrectly stated, in Finding of Fact No. 2, that appellant is only responsible for a percentage of the tuition. The trial court overruled this objection without discussion. We find the trial court should modify Finding of Fact No. 2 to state that appellant is responsible for one hundred percent of the children's parochial school tuition. Appellant next argues Finding of Fact No. 5 is incorrect because he has not expanded his interests to include the purchase and sale of stocks and securities. Appellant maintains he only had a stock sale and purchase, in 1996, when a local bank went public. After he sold the First Federal Bank stock, he purchased other stock which he still holds. We do not find the trial court abused its discretion in stating that appellant is dealing in the purchase and sale of stocks and securities. This finding is supported by the record and is not against the manifest weight of the evidence. As to Finding of Fact No. 9, appellant maintains the trial court incorrectly determined that his capital gain of $43,725.37, from the sale of First Federal Bank stock, in 1996, was recurring and sustainable income and therefore, properly included as income for child support purposes. This is the amount of money appellant made, as profit, on his initial investment of $200,000. Appellant argues this was not a recurring pattern of stock market investment as indicated by his 1995 tax return. As noted above, we find evidence contained in the record to support the trial court's conclusion. Appellant testified he took the profit and re-invested it in stocks which he still owns. Tr. at 256. The trial court did not abuse its discretion when it included the capital gain of $43,725.37 as income for child support purposes. Appellant challenges Finding of Fact No. 12 on the basis that it violates the parties' separation agreement. Appellant states that pursuant to the separation agreement, capital gains on previously owned property as well as income from M-2 Drive Thru are to be excluded in calculating his child support obligation. Pursuant to Forest v. Forest (1993),82 Ohio App.3d 572, we recognized that absent an abuse of discretion, a trial court is permitted to modify an agreed child support obligation to conform with the guidelines. Id. at 573. "The legislature enacted the support guidelines for the benefit of children and did not provide for exceptions in the application of those guidelines where, as here, prior separation agreements were involved." Id. We do not find the trial court abused its discretion in calculating and modifying appellant's child support obligation. Under Forest, such a modification is permissible even if it contradicts the terms of the parties' prior separation agreement. Appellant contends Finding of Fact No. 13 demonstrates the prejudice of the magistrate toward him. This finding of fact addresses appellant's $350,000 residence; improvements he made to the residence in the amount of $50,000; ownership of a Mercedes-Benz, BMW, Delorean, 1996 Dodge Ram pick-up truck and 1991 Ford pick-up truck; and vacations to Arizona, Montana, Colorado, Europe and Hong Kong. We do not find the trial court abused its discretion concerning this finding of fact as this information is contained in the record and appellant has failed to establish how the trial court abused its discretion in considering these facts. Clearly, the trial court is permitted to consider this evidence in determining whether appellant is financially able to afford an increase in his child support obligation. Appellant also claims Finding of Fact No. 14 demonstrates the magistrate's prejudice toward him. In this finding of fact, the magistrate determined appellant did not sign a purchase agreement for the Mercedes-Benz. The magistrate then explained that appellant took a loan out against the vehicle and purchased stock in his friend's company. The magistrate concluded that the stock purchase, in his friend's company, created a loss which appellant can use on his tax return to further diminish his income for child support purposes. Although appellant claimed, at the hearing, that he did sign a purchase agreement for the vehicle, the magistrate found that his friend gave him the vehicle. Since the trial court is in the best position to observe the witnesses and judge their credibility, we will not disturb this finding on appeal. Finally, appellant cites to Finding of Fact No. 15 in which the magistrate imputed a value of a trip to Hong Kong as income to appellant in the amount of $10,000. The trial court sustained this objection. Appellee did not assign this as error in a cross-appeal and therefore, we will not discuss this issue. Accordingly, we sustain this assignment of error only as it pertains to appellant's obligation to pay one hundred percent of the children's parochial school tuition. The remaining arguments set forth by appellant are overruled. Appellant Second Assignment of Error is sustained in part and overruled in part.
 III
In his final assignment of error, appellant contends the trial court abused its discretion when it included certain capital gains and income from M-2 Drive Thru in contradiction of the parties' separation agreement. We disagree. Appellant claims this matter is distinguishable from the Forest case because the separation agreement in the case sub judice was entered into after the effective date of R.C. 3113.215 et. seq., Ohio's child support guidelines statute. In Forest, we determined Ohio's child support statute does not provide for exceptions for separation agreements entered into prior to the effective date of the guidelines. We further find our decision in Forest, as well as Ohio's child support guidelines, cannot be circumvented merely because the parties entered into a separation agreement after the effective date of Ohio's child support statute. The General Assembly enacted Ohio's child support guidelines to protect the best interests of children. The trial court is obligated to comply with these guidelines which it did by including appellant's capital gains and income from M-2 Drive Thru. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P. J. Farmer, J., concurs. Hoffman, J., concurs in part and dissents in part.