JOURNAL ENTRY AND OPINION
Appellant Bradley Glazer appeals from the January 8, 1999 order by Domestic Relations Court Judge Christine J. McMonagle granting appellee Madra Glazer's Motion to Modify Child Support. Mr. Glazer contends there is no need for additional child support. We disagree and affirm.
The couple married in 1984, with four children, now 14, 11, 8 and 6 years of age, born of that union. Mr. Glazer filed for divorce May 21, 1993, fifteen days after the birth of the youngest child, claiming incompatibility.
The May 9, 1994 consent Judgment Entry and Decree of Divorce,
included a shared parenting plan, providing that the children would reside with Ms. Glazer. Mr. Glazer was to provide health and dental insurance coverage for the children through his employment with the City of Cleveland, and Ms. Glazer would pay any medical, dental, and prescription drug expenses not covered by insurance. By "[a]greement between the parties, taking payment of other obligations into account," Mr. Glazer was only required to pay $87.50 per month per child for child support, a downward deviation from the support guidelines, and he also received tax dependency exemptions for the children, provided that he was current in his yearly obligations. At the time of the decree, Ms. Glazer was receiving disability income of $3,300 per month or $39,600 per year and Mr. Glazer earned $27,690 per year. It appears that both parties married a second time, however, Ms. Glazer's marriage ended after a year.
On June 1, 1998, Ms. Glazer filed a Motion to Modify ChildSupport, asking for an increase to the level set by the guidelines. The motion was heard by Magistrate Alison J. Nelson on July 29, 1998, with a decision and findings of facts and conclusion of law issued September 4, 1998. The magistrate found that Mr. Glazer's regular income had increased to $31,163; that he derived additional income as an independent taxi cab driver; and that Ms. Glazer's non-taxable disability income at $39,600 per year had continued. She further found that Ms. Glazer's expenses exceeded her income; that a modification of Mr. Glazer's child support obligation would not substantially impact his income to debt ratio; that insufficient evidence had been presented to "justify a continuing deviation from a correct or appropriate guideline computation of child support"; and that no evidence had been submitted to show that the parties agreed to continue "to take payment of other obligations into account," on child support as they had provided in the original order.
Accordingly, the magistrate found a change in circumstances pursuant to R.C. 3113.215 and recommended that Mr. Glazer increase his child support to $180 per month per child, for a total of $734.40 including processing. All other obligations and tax benefits remained as provided in the original order.
On September 8, 14, 17, and 18, 1998, Mr. Glazer filed objections to the magistrate's decision. Judge McMonagle overruled the objections and adopted the decision, findings of fact and conclusions of law in its entirety in a judgment entry dated January 8, 1999. This appeal followed to which Ms. Glazer filed a motion to dismiss.
Mr. Glazer's assignment of error states:
 THE COURT OF COMMON PLEAS RAISED THE AMOUNT OF CHILD SUPPORT DUE TO THE DEFENDANT'S ILLNESS FROM CANCER WHICH IS IN REMISSION. THE DEFENDANT RECEIVES DISABILITY INCOME OF $39,600 PER YEAR WHICH HAS NOT DEVIATED IN AMOUNT AND WHICH BEGAN IN THE FIRST YEAR OF MARRIAGE AND HAS CONTINUED ALMOST UNABATED SINCE THAT TIME. THE FOUR CHILDREN ARE IN GOOD HEALTH. A WAIVER AGREEMENT SIGNED BY THE DEFENDANT SHOULD BE HONORED BY THE TRIAL COURT SINCE IT WAS PASSED WITH THE TRIAL COURT'S APPROVAL.
Mr. Glazer argues that the domestic relations judge erred when she determined that a change of circumstances existed which would justify an increase in his child support obligation to the current support guideline level, especially since the parties had agreed to a support amount below the guidelines in their May 9, 1994 consent judgment entry. He contends that when Ms. Glazer agreed to a set amount of child support, she "forfeited her rights to an increase of child support according to the guidelines * * *" He, therefore, concludes an increase could only be obtained to accommodate a cost of living increase or some unusually large salary increase. In support of his position, he claims that since the 1994 divorce, his income had barely increased to accommodate the cost of living and Ms. Glazer's disability income had not decreased. As a result, the court should not require him to pay more. He contends that Ms. Glazer could have sought additional monetary assistance from her mother, who had voluntarily paid for some of the children's expenses from the proceeds of a sizable inheritance, and/or turned to the other ex-husband for additional money since, he claims, she specifically waived any alimony from him.
"The Domestic Relations Court should require (Ms. Glazer) to seek and address her financial needs from the latest source of income before presenting her arguments in an older case in which she has signed a waiver. * * * she has used her bout with cancer to present her case to the Court which impacts on alimony not child support payments."
This assignment of error is not properly before this court for its review. Civ.R. 53(E)(3)(b) provides that when a party objects to a magistrate's decision, the objections must be specific and state with particularity the grounds of the objection. "Any objection to a magistrate's finding of fact must be supported by a transcript of all of the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). On appeal, a party may not assign as error the adoption of the magistrate's finding of fact or conclusion of law unless the party has objected to that finding or conclusion in accordance with Civ.R. 53. Id.
An appellant must provide the reviewing court with a record of the facts, testimony, and evidentiary matters which — illustrate the appellant's assignments of error. Shannon v. Shannon (1997), 122 Ohio App.3d 346, 350. In the absence of an adequate record., a reviewing court must presume regularity of the judgment based upon the magistrate's recommendation. Chaneyv. East (1994), 97 Ohio App.3d 431, 436.
A transcript of the July 29, 1998 hearing before the magistrate is not a part of the record. The objections filed by Mr. Glazer to the magistrate's decision do not include an affidavit of the evidence or any indication that a transcript was unavailable. Although his objections are in the form of an affidavit, they do not purport to describe all relevant evidence presented to the referee on the issue; rather, he apparently only included the evidence that he believed should have been disregarded. Chaney,97 Ohio App.3d at 436. Because his objections did not include an affidavit of all relevant evidence, they do not comply with the mandates of Civ.R. 53(E)(3)(b) and, therefore, cannot be assigned as error for this court's review. Id.
Mr. Glazer also fails to cite any authority to support his assignment of error that the court cannot modify the 1994 agreement. See App.R. 1G(A)(7); Loc.App.R. 6(6). In Forest v. Forest (1993), 82 Ohio App.3d 572, the appellant, like Glazer, challenged the authority of a domestic relations court to modify the terms of a separation agreement entered into before the enactment of the child support guidelines, — claiming that modification would destroy the integrity of such agreements. The court "sympathize[d] with appellant's position and agree[d] with him philosophically," but noted that, absent an abuse of discretion, it could not "legally reverse a decision to modify an agreed child support obligation to conform with the guidelines.Id.at 573. "The legislature enacted the support guidelines for the benefit of children and did not provide for exceptions in the application of those guidelines where, as here, prior separation agreements were involved." Id.
It is apparent from the language of the act that when the domestic relations judge considers whether to modify an award of child support, his first priority must be to discern what is in "the best interest of the child." R.C. 3113.215(B). Therefore, the parties' prior agreement to a lower support amount, while it should be considered in the overall assessment of support modification, does not govern the judge's evaluation of those factors which focus on the children's best interest.
Mr. Glazer does concede the 1994 separation agreement can be modified but claims that modification should be limited solely to a yearly cost of living adjustment. Even if this court did review his assignment of error and supporting arguments, it is apparent that he does not challenge the rising cost or expense associated with raising four children, but only the fact that he has to pay for these expenses when his ex-wife has other resources available to pay them. The fact that a custodial parent obtains some outside assistance to diminish the increasing cost of raising growing children does not lessen the non-custodial parent's responsibility to pay child support or require the custodial parent to first look to someone other than the non-custodial parent for financial assistance.
Thus, this court affirms the decision granting a modification of child support to conform with the support guidelines.
Ordinarily this court would address a motion to dismiss an appeal before considering the assignments of error and arguments presented for our review, but we had no choice but to address Ms. Glazer's Motion to Dismiss/and for Expenses last. We must deny her motion to dismiss this appeal and request for costs and attorney fees because her motion failed to conform to the requirements of App.R. 15(A). That rule requires that a motion before this court "state with particularity the grounds on which it is based." Ms. Glazer only asserted that the appeal is "patently frivolous" and that Mr. Glazer's assignment of error and arguments "demonstrate that no reasonable question for review is presented." She did not state that the assignment of error and arguments presented by Mr. Glazer were not properly preserved and were precluded from review by Civ.R. 53(E). Because she failed to argue the merits of her motion, this Court denies it.
The judgment is affirmed and the motion to dismiss is denied.
It is ordered that the parties shall bear their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., CONCUR;
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
 ___________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).