JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, appellant Louis Anthony Mencini ("husband") appeals from the judgment of the trial court finding him in contempt for failure to pay his children's tuition pursuant to a decree of divorce he had with Cheryl Ann Bianchi, f.k.a. Cheryl Mencini ("wife") and ordering him to pay half of wife's attorney fees. Husband also appeals a separate order finding that his tuition obligation to his children was non-modifiable. For the reasons set forth below, we affirm in part, reverse in part and remand this case for further proceedings consistent with this opinion.
 {¶ 2} Husband and wife were married in 1982 and together had five children. The parties entered into a separation agreement and a shared parenting plan. Pursuant to section (c) of the Custody, Visitation and Support section of the separation agreement, husband agreed to pay the children's educational expenses, including any and all yearly increases in tuition for his children at St. Ignatius High School ($90 per month) and St. Therese School ($210 per month). The parties' terminated their marriage by dissolution in June of 2000, at which time the trial court incorporated the terms of a separation agreement and a shared parenting plan.
 {¶ 3} In April of 2002, husband filed a motion to modify child and tuition support. In November of 2002, wife filed a motion to show cause and a motion for attorney fees based on husband's failure to pay the children's tuition expenses. In April of 2003, the magistrate issued its decision, finding a change in circumstances due to wife's remarriage and modifying husband's child support obligation. The magistrate also determined that the order to pay the children's tuition obligation was not modifiable and found husband in contempt for failure to pay. She ordered husband to pay $1,600 of wife's attorney fees which totaled $3,025. Husband filed objections to the magistrate's report, which were overruled by the trial court in September of 2003.
 {¶ 4} In July 2003, while the above was pending before the court, husband filed another motion to modify child and tuition support, alleging a substantial change in circumstances, to wit, that the tuition at St. Ignatius had increased from $1,000 to $6,000 per year. After the court's ruling in September of 2003 in which it determined that tuition was not modifiable, wife filed a motion to dismiss husband's second motion, alleging that any change in circumstances was irrelevant and insufficient to serve as a basis to modify the September 2003 order as it related to tuition expenses. The trial court granted wife's motion to dismiss without a hearing.
 {¶ 5} It is from these rulings that husband now appeals, asserting five assignments of error for our review, which we address together and out of order where appropriate.
 {¶ 6} "I. The magistrate's ruling that the separation agreement and the judgment entry were inconsistent and that tuition was not part of child support and therefore not modifiable is legally and factually incorrect and is unfair to appellant as a matter of law."
 {¶ 7} "II. The decision of the court that tuition is not child support but marital debt is error."
 {¶ 8} "IV. The trial court committed error by dismissing the motion to modify child/tuition support without a hearing and without applying the statutory factors dealing with modification of child support."
 {¶ 9} "V. The trial court committed error by not reconsidering a modification of tuition when the reasons for the modification are materially and substantially different than the reasons for the first request to modify."
 {¶ 10} In husband's first and last two assignments of error, he maintains that the trial court improperly characterized parochial school tuition support as marital debt rather than a form of child support. In doing so, he maintains that the court erred in determining that the terms of the divorce decree dealing with tuition were not modifiable. Husband further avers that the trial court erred in dismissing his motion to modify child support without a hearing and without applying the statutory factors dealing with modification of child support.
 {¶ 11} In response, wife argues that the trial court's decision was proper because, absent ambiguous language in a divorce decree, a trial court may not place limitations on a parent's obligation to pay for education expenses of a child. She further avers that tuition obligations are separate and distinct from child support obligations and urges this court to affirm. We decline to do so.
 {¶ 12} The central issue in this case is whether tuition obligations set forth in a divorce decree constitute a form of child support, which may be subject to modification, or whether tuition obligations constitute marital debt, which is not modifiable. We find it is the former.
 {¶ 13} In its findings of fact and conclusions of law, the trial court found that "according to the Separation Agreement under support, the parties agreed to a division of the marital debt at page 823, which included tuition provisions." Husband maintains that the magistrate inherently and improperly found that husband's tuition obligation was marital debt. We agree. Marital debt is "any debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose."Ketchum v. Ketchum, Columbiana App. No. 2001 CO 60, 2003-Ohio-2559 quoting Turner, Equitable Distribution of Property (2 Ed. 1994, Supp. 2002) 455, Section 6.29. Husband and wife did not incur the children's future tuition payments during the course of their marriage. As such, we decline to find that these obligations constitute marital debt.[1] This court has held that private school tuition is a form of child support. Kaiserv. Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550. Courts have held that" requiring a parent to pay for a religious education does not violate the Establishment Clause; it is a permissibleform of financial child support which is designed to partiallyreimburse the custodial parent for an expense she incurred inrearing their child." [Emphasis added.] (In the context of challenging the constitutionality of requiring a parent to pay for the religious education of a child as violative of the Establishment Clause of the First Amendment to the United States Constitution.) Smith v. Null, 143 Ohio App.3d 264,2001-Ohio-2386 citing Rand v. Rand (1985), 18 Ohio St.3d 356, adopting the decision set forth in In re Landis (1982),5 Ohio App.3d 22.
 {¶ 14} We turn, then, to the question of whether a parent's obligation to pay parochial school tuition is modifiable and find that it is. As stated in Kaiser, supra. "[p]rivate school tuition is a form of child support and an appellate court may invalidate a child support order if it finds an abuse of discretion because the award was arbitrary, unreasonable or unconscionable. Id. citing Booth v. Booth (1989), 44 Ohio St.3d 142 and Beck v.Beck (Dec. 16., 1999), Cuyahoga App. No. 75510. Further, we agree that "circumstances can exist under which certain agreed terms in a separation agreement or divorce decree may no longer be practical or equitable and need not be prospectively enforced. Indeed, the Revised Code provides for the modification of custody and support under a variety of circumstances." Lawson v.Lawson, Lawrence App. No. 01CA25, 2001-Ohio-2640. In Lawson,
the court held that, as a result of mother's failure to demonstrate a substantial change in circumstances, the trial court was correct in enforcing a stipulation that parents made regarding child's schooling. Id.
 {¶ 15} Therefore, unlike marital debt, we find that a trial court is empowered, under certain circumstances, to modify a parent's tuition obligation. In this case, the trial court found that, because husband did not appeal the final divorce decree which had incorporated the tuition obligations as set forth in the Separation Agreement, the issue was barred by res judicata, not a part of child support issues, and therefore not modifiable. We find this determination was in error and reverse for a determination of whether a substantial change in circumstances exists to justify a modification of husband's tuition obligation, as alleged by husband in his affidavit regarding his son's increased tuition at St. Ignatius High School.
 {¶ 16} We sustain husband's first and last two assignments of error.
 {¶ 17} "III. The court should not have awarded attorney fees to appellee."
 {¶ 18} Husband contends that the trial court should not have awarded attorney fees to wife in the instant matter. In support of his contention, he maintains that because the trial court ordered that he pay attorney fees based on its erroneous ruling on tuition, the award of attorney fees to wife should also be reversed. We disagree.
 {¶ 19} Initially, we note that husband has failed to properly brief this issue on appeal as required by App.R. 16(A)(7), which states that an appellant shall include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contention, with citations to the authorities,statutes and parts of the record on which appellant relies." [Emphasis added.] In this case, husband has wholly failed to cite any authority or statutes in support of his argument. An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson (1998),126 Ohio App.3d 316, discretionary appeal disallowed in (1998),82 Ohio St.3d 1413. We address this assignment of error, however, because an initial review reveals that it has no merit.
 {¶ 20} The trial court has broad discretion in the award of attorney fees. Birath v. Birath (1988), 53 Ohio App.3d 31, 39,558 N.E.2d 63. Specifically, a trial court has discretion to award a complainant his reasonable attorney fees in a civil contempt action. See State ex rel. Fraternal Order of Police v.Dayton (1977), 49 Ohio St.2d 219, 361 N.E.2d 428, syllabus. In this case, husband was found in contempt for failure to pay his tuition obligations and therefore, the trial court did not abuse its discretion in awarding partial attorney fees to wife. While we sustained husband's other assignments of error, this does not obviate the finding of contempt.
 {¶ 21} Pursuant to the divorce decree, husband's obligation included paying his children's parochial school tuition. While husband properly moved the court to modify his tuition obligation in April of 2002, he failed to pay the 2002-2003 tuition while his motion was pending. We find that the trial court did not abuse its discretion in holding that husband was obligated to continue paying the children's tuition until the court ruled on his motion, to ensure the children's attendance at the parochial schools. We therefore overrule this assignment of error.
 {¶ 22} Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Gallagher, J., concur.
[1] A court is required to equitably divide and distribute the parties' marital property, including assets and liabilities. R.C.3105.171; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 95. Pursuant a R.C. 3105.171, "[a] division or disbursement of property or a distributive award made under this section is notsubject to future modification by the court." [Emphasis added.]