OPINION
{¶ 1} Plaintiff-appellant and cross-appellee, Laura Hammel (fka Klug), appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, requiring her to continue paying for her daughter's catholic school tuition. Defendant-appellee and cross-appellant, Phillip Klug, appeals the trial court's failure to impute income to Laura.
 {¶ 2} The parties were divorced in 1995 and have one daughter, Amanda (born in 1991). Incorporated under the divorce decree was a separation agreement which provided: "[Laura] shall determine the school that [Amanda] shall attend. Should [Laura] choose to enroll the child in a private school, [Laura] shall bear the burden to pay the child's tuition expenses." With the exception of first grade, Amanda has attended catholic schools since kindergarten and Laura has paid the tuition.
 {¶ 3} In September 2003, Laura filed a motion to increase Phillip's child support obligation and for a reallocation of Amanda's tuition. At the time, Amanda was in seventh grade in a catholic school. In an affidavit attached to her motion, Laura stated that she had been diagnosed with a debilitating auto-immune disorder and that as a result, she could no longer work full-time. Shortly after the motion was filed, Laura lost her job as a mortgage line underwriter. At a hearing on her motion three months later, Laura was still unemployed, in part because of her medical condition, and was receiving $730 in unemployment compensation every two weeks. At the hearing, Laura explained that without financial help from Phillip, she could not keep Amanda in private school.
 {¶ 4} By decision filed on January 26, 2004, the magistrate increased Phillip's child support obligation from $408.22 a month to $631.38 a month. The magistrate found that Laura had been terminated, was unable to work full-time "at this time," and was not voluntarily unemployed or underemployed "at this time." Relying on this court's decision in Kaminski v. Kaminski (Mar. 3, 1997), Clermont App. No. CA96-09-073, the magistrate found that (1) it was in Amanda's best interest to remain in private school, the only stable element in her life, (2) Phillip could afford to pay the tuition, and (3) but for the divorce, private schooling would have continued. As the magistrate specifically noted:
 {¶ 5} "There is no question of Mother's desire to keep the child in parochial school, and she has kept Amanda in private school this year despite losing her job. Father testified that his stepdaughter attends parochial school, and that he plans to send his unborn child to parochial school. His belief in Catholicism was confirmed by his having had his marriage to Mother annulled. It is patently clear that if the marriage were still in tact [sic], Amanda would remain in parochial school."
 {¶ 6} The magistrate then found that based upon the record and the factors set forth in R.C. 3119.23, "the amount of Father's child support obligation * * * is neither just, appropriate or in the child's best interest. Specifically, the Court's determination is based upon the cost of private schooling for Amanda, the disparity in the parties' income, the emotional needs of the minor child (including but not limited to the need to remain in private school at this time), the educational opportunities that would have been available had the divorce not occurred, and the cost of Amanda's extra-curricular activities. Therefore, the Court finds that Father's child support obligation shall be deviated upward to $619[.]" The magistrate also awarded the tax dependency exemption to Phillip, "effective in tax year 2004."
 {¶ 7} Both parties filed objections to the magistrate's decision. By decision and entry filed April 8, 2004, the trial court upheld the tax dependency exemption award to Phillip, and the magistrate's determination that Laura was not voluntarily unemployed or underemployed "at this time." Although it found insufficient evidence to support the magistrate's finding that Laura was unable to work, the trial court nevertheless upheld the magistrate's determination that Laura's unemployment compensation was her gross income for child support purposes.
 {¶ 8} The trial court, however, reversed the magistrate's child support increase: "More specifically, the Court finds that at the time of the parties' divorce, the minor child was not enrolled in school. Thus, the evidence does not support a finding that private school would have `continued' if not for the ending of the marriage. The Court further notes the language of the parties' separation agreement * * * [which] provides that [Laura] must be solely responsible for the minor child's private school tuition, if she chooses to enroll the minor child in a private school. Based upon the standard set forth in Kaminski and the plain language of the parties' separation agreement, the Court finds [Laura] shall be solely responsible for the private school tuition."
 {¶ 9} Finally, finding that Phillip did not have the ability to pay for her attorney fees, the trial court denied Laura's request for attorney fees. This appeal follows in which Laura raises three assignments of error, and Phillip one cross-assignment of error.
 {¶ 10} In her first assignment of error, Laura argues that the trial court erred by reversing the magistrate's decision to reallocate the cost of the private school tuition between the parties. We agree.
 {¶ 11} Private school tuition is a form of child support. SeeKaiser v. Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550. An appellate court may reverse a child support order if it finds an abuse of discretion. Id. In Kaminski, we held that "It is proper for a court to order a parent to pay private school tuition when the court determines that (1) it is in the best interest of the child to have private schooling; (2) the payor(s) can afford to pay the tuition; (3) the children have been in private schooling; and (4) private schooling would have continued if not for the ending of the marriage." Kaminski, Clermont App. No. CA96-09-073, at 7. In contemplating a child support deviation, a court may consider "the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen." R.C. 3119.23(N).
 {¶ 12} Finding that the four requirements set forth inKaminski were met, the magistrate deviated Phillip's child support obligation upward to help cover the cost of private school tuition. The trial court, however, reversed the magistrate's decision on the ground that since Amanda was not enrolled in school at the time of the divorce, the evidence did not support a finding that private schooling would have continued had the parties not divorced. The trial court also relied on the parties' separation agreement requiring Laura to pay for private school tuition. We find that the trial court abused its discretion.
 {¶ 13} Amanda was barely four years old when her parents divorced and was therefore not in school. However, a child does not have to be enrolled in school at the time of the divorce for his parents to agree as to where the child will receive his education. See Johnson v. Johnson (June 10, 1991), Warren App. No. CA90-06-038 (separation agreement allocating college expenses to father for his then three and one half-year-old child).
 {¶ 14} Both parents are Catholics and were married in a catholic church. The separation agreement provides that Amanda will "be brought up in the faith of" her mother. Laura testified that when she was pregnant with Amanda, the parties discussed where Amanda would go to school. Phillip never objected to her going to a catholic school. Phillip did not recall discussing with Laura at the time of her pregnancy where Amanda would go to school. Phillip did not believe the parties' pre-divorce discussion was always that Amanda would go to parochial schools, as he was not always a big proponent of parochial schools. Unlike Laura who only attended parochial schools, Phillip went to public schools where he received a good education.
 {¶ 15} When he married his current wife, Julie, Phillip had his marriage to Laura annulled so that he could marry Julie in a catholic church. This was important to him. Phillip and Julie intend to send their unborn child to a catholic school. Phillip and Julie pay the expenses of his stepdaughter's parochial school out of a joint bank account.
 {¶ 16} A review of the record indicates that but for the parties' divorce, they would have sent Amanda to a parochial school. We therefore find that the trial court abused its discretion by reversing the magistrate's decision to deviate Phillip's child support obligation upward to help cover the cost of Amanda's private school tuition. Laura's first assignment of error is well-taken and sustained.
 {¶ 17} In her second assignment of error, Laura argues that the trial court erred by reallocating the tax dependency exemption to Phillip.
 {¶ 18} Whenever a court modifies, reviews, or otherwise reconsiders a court child support order, it must designate which parent may claim the children as dependents for federal income tax purposes. R.C. 3119.82. The court may award a tax dependency exemption to a noncustodial parent where it would produce a net tax savings for the parent, thereby furthering the best interest of the child. Singer v. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus; R.C. 3119.82. The decision to allocate the exemption is a matter left to the discretion of the trial court. Will v. Will (1996), 113 Ohio App.3d 8, 11.
 {¶ 19} After increasing Phillip's child support obligation, the magistrate awarded him the tax dependency exemption. The magistrate's decision was based upon Laura's income change and her intent to file for social security disability. The magistrate specifically found that awarding the exemption to Phillip would further the best interest of Amanda, "especially in allowing him additional funds to contribute to Amanda's education." Noting the disparity in income between the parties, the trial court upheld the magistrate's finding that awarding the exemption to Phillip furthers the best interest of Amanda.
 {¶ 20} Upon a thorough review of the record, and in light of our resolution under Laura's first assignment of error, we cannot say that the trial court's allocation of the tax dependency exemption to Phillip was so arbitrary, unreasonable, or unconscionable as to amount to an abuse of discretion. Laura's second assignment of error is overruled.
 {¶ 21} In her third assignment of error, Laura argues that the trial court erred by failing to award her attorney fees.
 {¶ 22} The decision whether to award attorney fees rests within the sound discretion of the trial court. See Blum v.Blum (1967), 9 Ohio St.2d 92. Under R.C. 3105.18(H), the trial court may award either party attorney fees at any stage of a divorce proceeding if it determines that the other party has the ability to pay the attorney fees. A trial court may award attorney fees in an amount less than the amount stipulated by the parties. See Nori v. Nori (1989), 58 Ohio App.3d 69.
 {¶ 23} The trial court denied Laura's request for attorney fees on the ground that Phillip did not have the ability to pay them. Upon reviewing the record, we find that the trial court abused its discretion.
 {¶ 24} The record shows that during the hearing before the magistrate, Phillip's attorney stipulated to the reasonableness of the attorney fees sought and the amount of time spent by Laura's attorney. For purposes of child support calculation, Phillip's income was set at $44,363 per year. Phillip testified that (1) his wife Julie works, (2) her income is at least equal to his, thus resulting in a household income in excess of $80,000 per year, and (3) they combine their income into a joint bank account from which all expenses are paid, including expenses for his stepdaughter's private school. Phillip testified that a percentage of his gross weekly income is deposited into a retirement account. Phillip also testified that he incurs a late fee of $70 per month on his credit cards. At the hearing, Phillip failed to present any documentary evidence of his living expenses. Likewise, he failed to present any evidence of his attorney fees.
 {¶ 25} In light of the foregoing, we find that the trial court's refusal to award any attorney fees to Laura was arbitrary and unreasonable, and thus an abuse of discretion. The trial court's denial of attorney fees is therefore reversed and remanded. Laura's third assignment of error is accordingly well-taken and sustained.
 {¶ 26} In his cross-assignment of error, Phillip argues that the trial court erred by not imputing income to Laura for child support purposes after it found she was able to work.
 {¶ 27} A trial court must find that a party is voluntarily unemployed before it can impute income to that party. Cooper v.Cooper, Clermont App. No. CA2003-05-038, 2004-Ohio-1368, ¶ 18; R.C. 3119.01(C)(5) and (11). Absent an abuse of discretion, a trial court's determination as to whether a parent is voluntarily unemployed will not be disturbed on appeal. Flege v. Flege,
Butler App. No. CA2003-05-111, 2004-Ohio-1929, ¶ 41. Upon a thorough review of the record, we cannot say that the trial court abused its discretion when it found that Laura was not voluntarily unemployed "at this time." The trial court, therefore, did not err by not imputing income to her. Phillip's cross-assignment of error is overruled.
 {¶ 28} The judgment of the trial court is therefore affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Powell and Valen, JJ., concur.