OPINION
{¶ 1} This matter is before this court on cross-appeals by appellant/cross-appellee, Elaine Morris Roberts ("mother"), and appellee/cross-appellant, Douglas D. Roberts ("father"), from the post-decree contempt and child support decisions of the Butler County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} The parties entered into a shared parenting plan establishing the parents' rights and responsibilities for two children born as issue of the marriage. Included in the shared parenting plan is a provision for child support payable to mother. The plan also states that mother shall provide medical insurance for the children from her employer or school so long as it is reasonably affordable, and that the parties shall equally divide the costs for uninsured medical expenses.
 {¶ 3} In addition, as pertinent to this appeal, Section F of the parties' shared parenting plan states as follows: "The parties agree that it is in the best interests of the children to have continuity in their daily lives. Therefore, the same day care/child care provider will be used, whenever possible, by the parties. The parties shall cooperate in the selection of the day care provider. The cost of the day care is to be paid as follows: The Mother shall pay the day care and/or Montessori school tuition. The Father shall pay One Thousand ($1,000.00) Dollars per month to the Mother, as his pro rata share, toward the day care and present Montessori school costs. At the time the oldest child enters first grade, then the parties shall either agree upon whether the child shall continue in private school, the selection of the private school, and the division of any costs associated with private school, or submit the issue to mediation or submit the issue upon motion to the Court. The above agreement does not prejudice either party's position as to private schooling."
 {¶ 4} Mother filed a motion for contempt against father in 2003, alleging that father was in contempt for failing to abide by the shared parenting plan when he had not reimbursed mother for tuition payments since August 2002.[1]
 {¶ 5} Father responded by filing a motion directed to various post-decree parenting and support issues. Included in father's motion was his request for a reduction in child support, in part, because he is now providing health care coverage for the children, and for an order that mother provide the insurance as required in the shared parenting plan. Father also asked the trial court to order that "there is no requirement" that he pay private school tuition.
 {¶ 6} On December 23, 2003, a magistrate issued a decision. The magistrate noted in the decision that she heard evidence on mother's unfiled motion for modification of child support, tuition payments, and parenting time.[2] The magistrate denied mother's motion for contempt on the tuition issue, kept father's child support payment at the previously ordered amount, and modified the shared parenting plan to provide that father provide health insurance coverage for the children until such time as other reasonable coverage was available. In addition, the magistrate ordered that father pay 100 percent of all uninsured medical expenses.
 {¶ 7} Both parties filed objections to the magistrate's decision. After the trial court overruled the objections and adopted the magistrate's decision, the parties instituted this appeal and cross appeal.
 {¶ 8} We first address mother's five assignments of error, and after reviewing their content, we find it appropriate to address them in an order different than presented.
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "The trial court erred when it ruled that appellee was not under an order to pay tuition since the parties' oldest child entered first grade."
 {¶ 11} After reviewing mother's argument under this assignment of error, it is clear that mother is contesting the trial court's decision that father was not in contempt for failing to reimburse tuition payments because father was not under an order to pay tuition once the oldest child entered first grade.
 {¶ 12} A trial court's ruling on a motion for contempt is reviewed for an abuse of discretion. Willis v. Willis,149 Ohio App.3d 50, 2002-Ohio-3716, at ¶ 59.
 {¶ 13} The trial court reviewed the shared parenting plan and found that the parties did not have an agreement to send the children to private school, and further found, therefore, that father was not under an order to pay tuition once the oldest child reached first grade. Upon review of the record, the trial court did not abuse its discretion when it refused to find father in contempt for failing to pay the private school tuition. Mother's third assignment of error is overruled.[3]
 {¶ 14} Assignment of Error No. 4:
 {¶ 15} "The trial court erred when it failed to find appellee in contempt for refusing to submit to mediation."
 {¶ 16} Mother argues that father was in contempt for failing to follow the shared parenting plan by submitting to mediation on the school tuition issue.
 {¶ 17} Mediation was one of the options available to the parties in the parenting plan if they did not agree on the schooling issue. After reviewing the record, we do not find that the trial court abused its discretion for failing to find father in contempt for not submitting to mediation. Willis,
2002-Ohio-3716, at ¶ 59. Mother's fourth assignment of error is overruled.
 {¶ 18} Assignment of Error No. 1:
 {¶ 19} "The trial court erred when it ruled that it did not have jurisdiction to order appellee to pay private school tuition absent an agreement between the parties."
 {¶ 20} The trial court found that it had no jurisdiction to order father to contribute to private school tuition, absent an agreement between the parties that their children should attend private school.
 {¶ 21} Private school tuition is a form of child support.Hammel v. Klug, Clermont App. Nos. CA2004-04-032, -033,2004-Ohio-6242, at ¶ 11, citing Kaiser v. Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550. In contemplating a child support deviation, a court may consider the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen. Hammel; R.C.3119.23(N).
 {¶ 22} In addition, a trial court can award child support for private school tuition when necessary. See Smith v. Null,143 Ohio App.3d 264, 270, 2001-Ohio-2386 (statutory scheme permits trial court to award child support above and beyond the standard amount, which would include authority to make such an award for purposes of private school tuition when necessary).
 {¶ 23} A judgment will not be reversed as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus; Bishop v. Bishop, Scioto App. No. 03CA2908, 2004-Ohio-4643, at ¶ 15.
 {¶ 24} The parties' shared parenting plan indicated that the parties would address the matter of private schooling when the oldest child reached first grade. According to the parenting plan, if the parties could not agree on the issue, the parties could submit to mediation or the matter could be submitted to the trial court upon either party's motion.
 {¶ 25} Clearly the issue of private school tuition was brought before the trial court upon father's motion and mother's unfiled motion that the magistrate considered. Both motions raised child support modification and private school tuition issues. Accordingly, we find that the trial court had jurisdiction to consider the school tuition issue and its jurisdiction did not depend upon the parties' agreement on the issue.
 {¶ 26} The trial court's conclusion that it did not have jurisdiction to consider school tuition absent an agreement is not supported by the manifest weight of the evidence. Appellant's first assignment of error is sustained.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "The trial court erred when it refused to set an amount each party should pay as their share of the montessori tuition for the children."
 {¶ 29} Assignment of Error No. 5:
 {¶ 30} "The trial court erred by failing to deviate the child support payments upward in a sufficient amount to cover the private school tuition and other factors requiring deviation upward."[4]
 {¶ 31} Based upon our holding in mother's first assignment of error, mother's second and fifth assignments of error are moot. App.R. 12(A)(1)(c).
 {¶ 32} Father's single assignment of error on cross-appeal:
 {¶ 33} "The trial court erred to the prejudice of appellee/cross-appellant when it unilaterally ordered him to pay any uninsured Medical Expenses for the children."
 {¶ 34} Father argues that the trial court erred in ordering that he pay 100 percent of the children's uninsured medical expenses because no party asked for or addressed the change and there was no evidence that the modification was in the children's best interest.
 {¶ 35} First, we note that father asked the trial court by motion to consider child support matters and the specific issue of medical insurance for the children. Therefore, we reject his argument that the issue of the uninsured medical expenses of the children was not available for consideration. See Gentry v.Adkins (Sept. 30, 1996), Butler App. No. CA96-06-110 (whenever one seeks to modify child support, the health insurance portion of the order is also subject to modification).
 {¶ 36} The trial court was informed that mother was not providing insurance for the children because her student insurance plan was no longer available, and that father was covering the children through his employer plan. The trial court was also well aware of the parties' respective incomes and obligations.
 {¶ 37} We find that the trial court did consider the pertinent issues necessary to determine the children's best interests on the issue of uninsured medical expenses. The trial court's order that father pay 100 percent of the uninsured expenses does not constitute an abuse of discretion. Father's single assignment of error is overruled.
 {¶ 38} Judgment affirmed in part, reversed in part, and this cause is remanded to the trial court for proceedings consistent with this opinion.
Powell, P.J., and Young, J., concur.
[1] Trial court found that the oldest child entered first grade in August 2002.
[2] The magistrate's decision addressed the issues of child support, tuition payments and parenting time.
[3] Mother's argument about the youngest child was not raised in her objections below and is deemed waived. See Civ.R. 53(E)(3)(b); Ayers v. Ayers (June 30, 2000), Hamilton App. No. C-990712.
[4] Private school tuition is the thrust of mother's argument in her fifth assignment of error.