{¶ 95} I concur with the majority as to Assignments of Error I, III, and IV, but respectfully dissent as to the private school tuition issue in Assignment of Error II.
 {¶ 96} The majority therein holds that the trial court erred by taking out the requirement under the shared parenting agreement that the parties share their son's tuition costs. However, private school tuition is a form of child support.Roberts v. Roberts, Butler App. Nos. CA2004-04-081, CA2004-04-087, 2005-Ohio-2792, ¶ 21, citing Hammel v. Klug,
Clermont App. Nos. CA2004-04-032, -033, 2004-Ohio-6242, at ¶ 11, citing Kaiser v. Kaiser (Dec. 6, 2001), Cuyahoga App. No. 78550. This Court has steadfastly held that child support is subject to modification under the guidelines despite negotiated child support obligations in a separation agreement. Forest v.Forest (1993), 82 Ohio App.3d 572, 612 N.E.2d 815. I conclude tuition obligations in a separation agreement, being in the nature of child support, are thus modifiable upon a showing of a change in circumstances. See Mencini v. Mencini, Cuyahoga App. Nos. 83638 83820, 2004-Ohio-3125, ¶ 15.
 {¶ 97} I would therefore find the trial court acted within its discretion under these circumstances in eliminating the tuition requirements in the shared parenting plan, and would overrule the Second Assignment of Error in its entirety.